87 F.3d 1069
 96 Cal. Daily Op. Serv. 4913, 96 Daily Journal
D.A.R. 7905
UNITED STATES of America, Plaintiff-Appellee,
v.
Bruce Hamilton THROCKMORTON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark CALICCHIO, Defendant-Appellant.
 Nos. 95-50184, 95-50204.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 6, 1996.*
Decided July 1, 1996.
 
 Michael Tanaka, Deputy Public Defender, Los Angeles, California, for defendant-appellant.
 Alan C. Messarra, South Pasadena, California, for defendant-appellant.
 Patrick W. McLaughlin, Assistant United States Attorney, Los Angeles, California, for plaintiff-appellee.
 Appeals from the United States District Court for the Central District of California, Stephen V. Wilson, District Judge, Presiding. D.C. No. CR-94-00800-SW(CE)-1.
 Before: FLOYD R. GIBSON,** JOHN T. NOONAN, Jr. and THOMPSON, Circuit Judges.
 DAVID R. THOMPSON, Circuit Judge:
 
 
 1
 Bruce Hamilton Throckmorton and Mark Calicchio appeal their convictions for conspiracy to import a controlled substance in violation of 21 U.S.C. § 963; importing a controlled substance in violation of 21 U.S.C. §§ 952(a) & 960(a)(1); possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1); and conspiracy to possess a controlled substance with intent to distribute in violation of 21 U.S.C. § 846.
 
 
 2
 Throckmorton contends the district court abused its discretion by denying his motion to sever his trial from Calicchio's. Both defendants contend the district court erred by responding, outside of their presence, to a note from the jury.
 
 
 3
 We have jurisdiction under 28 U.S.C. § 1291, and we affirm all convictions as to both defendants.
 
 
 4
 * Throckmorton and Calicchio were apprehended off-loading more than 1000 kilograms of marijuana from a sailboat. Prior to their joint trial, Throckmorton moved to sever his trial from Calicchio's on the ground their defenses were antagonistic. Throckmorton argued that he would be prejudiced by Calicchio's defense, in which Calicchio intended to implicate Throckmorton, admit that the drug transaction occurred, but contend he was involved solely as a DEA informant. The district court denied the motion to sever.
 
 
 5
 At trial, Calicchio testified that he and Throckmorton had engaged in the charged smuggling activity, but that Calicchio did so while acting as a DEA informant. Calicchio's testimony included detailed information regarding Throckmorton's involvement as the leader of the smuggling operation.
 
 
 6
 The prosecution played for the jury a videotape of a meeting between Throckmorton, Robert F. Brewer (a DEA informant), and Ronald V. Solokian (a codefendant). After the jury had retired to deliberate, they sent a note to the trial judge requesting a second viewing of the videotape. At the end of the day, the trial judge informed the parties that he had "received a few notes which [he] responded to." The defendants were shown the notes, did not inquire as to how the court responded, and raised no objection. The record does not reveal what the district court said to the jury.
 
 
 7
 The jury convicted both defendants on all counts and these appeals followed.
 
 II
 A. Throckmorton's Motion to Sever
 
 8
 We review for abuse of discretion a district court's decision denying a motion to sever trials. United States v. Baker, 10 F.3d 1374, 1386 (9th Cir.1993), cert. denied, --- U.S. ----, 115 S.Ct. 330, 130 L.Ed.2d 289 (1994). A defendant seeking a reversal by reason of a district court's denial of a motion to sever must establish that the prejudice he suffered from the joint trial was so "clear, manifest or undue" that he was denied a fair trial. United States v. Vasquez-Velasco, 15 F.3d 833, 846 (9th Cir.1994).
 
 
 9
 It is clear Calicchio's defense was antagonistic to Throckmorton's. Antagonism between defenses or the desire of one defendant to exculpate himself by inculpating a codefendant, however, is insufficient to require severance. United States v. Sherlock, 962 F.2d 1349, 1363 (9th Cir.1989), cert. denied sub nom. Charley v. United States, 506 U.S. 958, 113 S.Ct. 419, 121 L.Ed.2d 342 (1992). To be entitled to severance on the basis of mutually antagonistic defenses, a defendant must show that the core of the codefendant's defense is so irreconcilable with the core of his own defense that the acceptance of the codefendant's theory by the jury precludes acquittal of the defendant. Id.
 
 
 10
 Throckmorton defended on a theory of insufficiency of the evidence. He argued the prosecution did not prove its case. Calicchio defended on the theory that he was acting as a DEA informant. These defenses are not, at their core, irreconcilable. If the jury found that Calicchio was working for the DEA, it still could have acquitted Throckmorton for lack of evidence. Acceptance of Calicchio's defense would not have precluded Throckmorton's acquittal. Calicchio's testimony was devastating to Throckmorton's defense, but Throckmorton offers nothing to suggest that Calicchio's testimony would not have been available and admissible against him if the trials had been severed.
 
 
 11
 [A] fair trial does not include the right to exclude relevant and competent evidence. A defendant normally would not be entitled to exclude the testimony of a former codefendant if the district court did sever their trials, and we see no reason why relevant and competent testimony would be prejudicial merely because the witness is also a codefendant.
 
 
 12
 Zafiro v. United States, 506 U.S. 534, 540, 113 S.Ct. 933, 938, 122 L.Ed.2d 317 (1993).
 
 
 13
 Throckmorton argues that if the trials had been severed, Calicchio would have exercised his Fifth Amendment right against self-incrimination and would not have testified against Throckmorton in a separate trial. There is no support for this in the record. To the contrary, the fallacy of the argument is demonstrated by the fact that Calicchio declined to assert his Fifth Amendment right in the joint trial in which his own guilt was the question before the jury.
 
 
 14
 We hold the district court did not abuse its discretion in denying Throckmorton's motion to sever.
 
 
 15
 B. District Judge's Ex Parte Communication With the Jury
 
 
 16
 Throckmorton and Calicchio argue they are entitled to a reversal of their convictions because the district judge communicated ex parte with the jury after deliberations had begun. We conclude the district court erred by communicating with the jury outside the presence of the defendants, but the error does not require reversal.
 
 
 17
 The right of the accused to be present during all critical stages of a trial against him is fundamental. Rushen v. Spain, 464 U.S. 114, 117, 104 S.Ct. 453, 455, 78 L.Ed.2d 267 (1983); see also Bustamante v. Eyman, 456 F.2d 269, 271-73 (9th Cir.1972). Rule 43 of the Federal Rules of Criminal Procedure guarantees the defendant the right to be present "at every stage of the trial." Fed.R.Crim.P. 43; Rogers v. United States, 422 U.S. 35, 39, 95 S.Ct. 2091, 2094, 45 L.Ed.2d 1 (1975). A question from the jury must be answered in open court and only after providing the defendant an opportunity to be heard. Rogers, 422 U.S. at 39, 95 S.Ct. at 2094. By answering jury questions without giving the defendants the opportunity to be heard, the district judge violated Rule 43. Id. at 39-40, 95 S.Ct. at 2094-95.
 
 
 18
 This is not, however, the end of our inquiry. Under Rule 52(a) of the Federal Rules of Criminal Procedure, if a defendant objects at trial to an error, the government bears the burden of establishing that the error was harmless. United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 1777, 123 L.Ed.2d 508 (1993); see also United States v. Brown, 832 F.2d 128, 130 (9th Cir.1987) (government bore the burden of showing beyond a reasonable doubt that an ex parte replaying of taped evidence for jury was harmless). If the defendant fails to object at trial, however, Rule 52(b) places the burden on the defendant to show that the error was "plain" and affected his "substantial rights." Olano, 507 U.S. at 732, 113 S.Ct. at 1776. Reversal under Rule 52(b) is discretionary, and we will exercise this discretion only when the error " 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.' " Id. at 736, 113 S.Ct. at 1779 (quoting United States v. Atkinson, 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936)).
 
 
 19
 When the district court communicated ex parte with the jury without the defendants' waiver of their right to be present, the district court committed "plain" error. It was "clear" and "obvious" that this ex parte communication violated Rule 43. See Olano, 507 U.S. at 733-34, 113 S.Ct. at 1777-78 (an error is "plain error" if "a legal rule was violated" by the district court, and the error was "clear" and "obvious.").
 
 
 20
 Because the defendants failed to object, however, the defendants forfeited this plain error. We will not review a plain, forfeited error unless the error affected the defendants' "substantial rights." Id. at 732, 736, 113 S.Ct. at 1776, 1777-78.
 
 
 21
 The record before us is barren of anything said between the district court judge and the jury. The defendants have established only that the jury requested to view the videotape and the district judge responded to that request in some unknown fashion. Having failed to object at trial, the burden is on the defendants to show that the district judge's response to the jury note affected their substantial rights. The defendants have failed to carry this burden.
 
 
 22
 The district court disclosed in open court and on the record that he had communicated ex parte with the jury. If counsel had been concerned about this they could have voiced their concern to the district court and an appropriate record could have been made. For some reason, either purposefully or through oversight, defense counsel did not do this. Now, when the case is on appeal to this court, the defendants ask us to hold that the district court's ex parte communication to the jury is "the kind of error that 'affect[s] substantial rights' independent of its prejudicial impact." See id. at 737, 113 S.Ct. at 1780. We will not do this.
 
 
 23
 Nor will we presume prejudice from the district court's ex parte communication. Such a presumption would be contrary to the presumption that trial court judges act according to law. See Espinosa v. Florida, 505 U.S. 1079, 1082, 112 S.Ct. 2926, 2928, 120 L.Ed.2d 854 (1992); Walton v. Arizona, 497 U.S. 639, 653, 110 S.Ct. 3047, 3057, 111 L.Ed.2d 511 (1990); Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984).
 
 
 24
 Because we cannot say the plain, forfeited error in this case affected the defendants' substantial rights, we do not reach the question whether the error "seriously affect[ed] the fairness, integrity or public reputation of [the defendants' trial]." Atkinson, 297 U.S. at 160, 56 S.Ct. at 392.
 
 
 25
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 Honorable Floyd R. Gibson, Senior Circuit Judge for the Eighth Circuit, sitting by designation