108 F.3d 340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph TAMBURRO, Defendant-Appellant.
 No. 95-50538.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 7, 1996.
Decided Dec. 16, 1996.
 
 Before: GOODWIN, WIGGINS, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant Joseph Tamburro, a postal employee, appeals his conviction following a jury trial for unlawfully opening mail in violation of 18 U.S.C. § 1703(a). We have jurisdiction pursuant to 18 U.S.C. § 1291 and affirm the conviction.
 
 BACKGROUND
 
 3
 Joseph Tamburro worked as a window clerk at the Tarzana post office. On July 16, 1994, postal inspectors conducted an investigation at the post office in which they prepared two test packages to look as if they contained compact discs from the Columbia House mail-order compact disc club. Each package contained a beacon transmitter that shifted to a rapid beeping mode if the package was opened. Two inspectors posed as customers and gave the defendant the packages to return to their sender. The defendant accepted the packages for return delivery and took them to the area behind the counter. Two inspectors testified that they saw the defendant open two flaps of the larger of the packages. Three inspectors testified that they heard the transmitter go off. As the inspectors descended from the observation gallery above the work area and came toward the defendant, he threw the opened parcel into the bulk mail container. The defendant was charged with unlawfully opening mail and was tried before a jury.
 
 
 4
 When the trial judge summoned the parties to receive the jury's verdict, he informed them that he had received a note from the jury during their deliberations requesting to examine defense Exhibit 101, a report prepared by Postal Inspector Johnson used by the defendant in cross-examining her. The judge informed the parties that he had "put a note on the bottom of that note telling them that 101 was not received in evidence and therefore was not submitted to them." The jury then announced that it had found Tamburro guilty.
 
 EX PARTE COMMUNICATION WITH THE JURY
 
 5
 Tamburro argues that the court's ex parte communication deprived him of his right to presence at a critical stage in the proceedings. He failed to raise this objection before the district court, however. We therefore may review this issue only for plain error and will employ our discretion to correct such a forfeited claim only where the error "seriously affects the fairness, integrity, and public reputation of judicial proceedings" and where "a miscarriage of justice would otherwise result." United States v. Olano, 507 U.S. 725, 736 (1993) (internal quotations and citations omitted).
 
 
 6
 Tamburro contends that the court's truthful information that Exhibit 101 was not in evidence somehow suggested to the jury that Inspector Johnson's testimony regarding Exhibit 101 was not evidence. That contention is an attempt to make the innocuous seem erroneous. We hold that while the district court's ex parte communication violated Fed.R.Crim.P. 43, it neither deprived the defendant of his constitutional right to be present nor constituted plain error requiring reversal.
 
 
 7
 Rule 43 provides that the defendant "shall be present" at every stage of the trial. Fed.R.Crim.P. 43. We have held that the district court violates Rule 43 when it answers jury questions without giving the defendant an opportunity to be heard. See United States v. Throckmorton, 87 F.3d 1069, 1072 (9th Cir.1996). The defendant's right to presence is "not absolute, however, and even involuntary absence may be harmless error ... if there is no reasonable probability that prejudice resulted from the absence." United States v. Kupau, 781 F.2d 740, 743 (9th Cir.), cert. denied, 479 U.S. 823 (1986) (citations omitted). Where, as here, the defendant failed to object at trial to the district court's ex parte communication, the defendant bears the burden of demonstrating that the judge's error affected his substantial rights. See Throckmorton, 87 F.3d at 1073.
 
 
 8
 There is no reasonable probability that Tamburro was prejudiced by the trial judge's actions because nothing in the judge's note suggested that Inspector Johnson's testimony was not evidence. Moreover, nothing in Johnson's testimony cast doubt on the evidence presented that at least one other inspector clearly observed the defendant opening the package. Further, the district court instructed the jury that any testimony that had not been struck was evidence.
 
 
 9
 " '[T]he presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only.' " United States v. Gagnon, 470 U.S. 522, 526 (1985) (quoting Snyder v. Massachusetts, 291 U.S. 97, 105-06 (1934)). Tamburro's presence when the judge correctly communicated to the jury that Exhibit 101 was not in evidence was not necessary to achieve fundamental fairness in his trial or to afford him an opportunity to defend himself. We therefore hold that while the trial judge violated Rule 43 in communicating with the jury in the defendant's absence, this error was harmless.
 
 OTHER CLAIMS OF ERROR
 
 10
 Tamburro assigns error to other rulings. He contends that the court improperly admitted evidence that Tamburro had opened a CD package one week before the charged incident, improperly excluded evidence of a witness's union membership, improperly admitted photographic and demonstrative evidence, and incorrectly instructed the jury. With the exception of a challenge to one photograph depicting the inspectors' view from the observation gallery, Tamburro failed to assert any of these errors before the district court. We therefore review for abuse of discretion only the trial court's admission of the photograph. See United States v. Crosby, 75 F.3d 1343, 1346 (9th Cir.1996). We review for plain error each of Tamburro's other claims. See Fed.R.Civ.P. 52(b). Because none of his contentions has a foundation in law or fact, we hold that there was neither abuse of discretion nor plain error requiring reversal. In light of this holding, the defendants cumulative error claim must fail as well.
 
 SUFFICIENCY OF THE EVIDENCE
 
 11
 Because Tamburro failed to move for a judgment of acquittal at the close of all the evidence, we may grant review of the sufficiency of the evidence only where there was plain error in order to "prevent a miscarriage of justice." United States v. Reyes-Alvarado, 963 F.2d 1184, 1187 (9th Cir.), cert. denied sub. nom., 506 U.S. 890 (1992). Because there was ample evidence to support the jury's finding of guilt in this case, Tamburro's conviction was not plainly erroneous nor a manifest miscarriage of justice.[1]
 
 INEFFECTIVE ASSISTANCE OF COUNSEL
 
 12
 We review de novo whether Tamburro received ineffective assistance of counsel. See United States v. Benlian, 63 F.3d 824, 826 (9th Cir.1995). To demonstrate ineffective assistance, Tamburro must show: (1) that his counsel's actions were outside the wide range of professionally competent assistance; and (2) that this deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-90 (1984). As a threshold matter, Tamburro seeks to avoid the need to show prejudice by arguing that his counsel's errors were so egregious that this court should presume prejudice under United States v. Chronic, 466 U.S. 648 (1984). Chronic 's presumption of prejudice exception is extremely narrow, however, applying where "counsel failed to function in any meaningful sense as the government's adversary." Id. at 666. That was plainly not the case here, where Tamburro's counsel conducted extensive cross-examination, put on witnesses, and made closing argument. Where errors occur "during an inept attempt to present a defense" or where "the fundamental fairness of the challenged proceedings has not been affected and the integrity of the legal process has not been jeopardized," the defendant must demonstrate prejudice. United States v. Swanson, 943 F.2d 1070, 1073 (9th Cir.1991). Tamburro's counsel presented a defense, if not successful one. Therefore, Tamburro must show he was prejudiced by any errors of his counsel.
 
 
 13
 In addition to the claims discussed above, Tamburro asserts that six additional errors by his attorney made his representation constitutionally ineffective. While defense counsel's performance was far from exemplary, we hold that none of these errors so prejudiced Tamburro as to meet the Strickland test.
 
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Two postal inspectors testified that the dummy package was sealed when they handed it to the defendant. Two other inspectors testified that they observed the defendant open the CD package. Three inspectors heard the beacon transmitter shift into rapid beeping mode, indicating that the parcel had been opened. Further, the transmitter sound was captured on videotape. The defendant opened two flaps of the package, suggesting that he was checking the CD titles. Two inspectors testified that when they approached the defendant, he threw the package into the nearest mail bin. A co-worker testified that she saw the defendant open a CD package just one week before this incident, negating the defendant's claim that he opened the package inadvertently