106 F.3d 407
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerome KAHN, Plaintiff-Appellant,
v.
UNITED STATES of America; Drug Enforcement Administration,
Defendants-Appellees.
 No. 95-55282.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 24, 1997.
 
 Before: O'SCANNLAIN, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerome Kahn appeals pro se the district court's dismissal of his action seeking the return of various property and currency forfeited by the government. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm in part and vacate and remand in part.
 
 
 3
 We review de novo the district court's dismissal for failure to state a claim. See Lewis v. Tel. Employees Credit Union, 87 F.3d 1537, 1545 (9th Cir.1996). "A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of [his or] her claim which would entitle [him or] her to relief." Id.
 
 
 4
 We affirm the district court's dismissal of Kahn's contentions that: (1) the civil forfeitures violate his due process right to be present because this right applies only to criminal proceedings, cf. United States v. Throckmorton, 87 F.3d 1069, 1072 (9th Cir.1996) (noting that a defendant has the right to be present at all critical stages of a criminal proceeding); (2) the judgments of forfeiture violated the Fed.R.Crim.P. 32 and 43 because these rules do not apply to civil cases, see Fed.R.Crim.P. 32 and 43; and (3) Kahn was entitled to preseizure notice of his non-real property because the constitution only requires that notice be given prior to the seizure of real property, see United States v. Real Property Located in El Dorado County, 59 F.3d 974, 981 (9th Cir.1995). We also affirm the district court's dismissal of Kahn's claim that the civil forfeitures violate the Double Jeopardy Clause. See United States v. Ursery, 116 S.Ct. 2135, 2147 (1996) (holding that civil forfeiture does not constitute punishment for double jeopardy purposes).[1]
 
 
 5
 Kahn next challenges the forfeitures on the basis that (1) there was no probable cause for the forfeitures; (2) he did not receive adequate notice of the forfeitures; (3) he should have been given preseizure notice before the government seized his real property; and (4) the seizure warrants were constitutionally defective.
 
 
 6
 A district court may consider a claim for equitable relief where the claimant challenges the adequacy of notice of the seizure. See United States v. Clagett, 3 F.3d 1355, 1356 (9th Cir.1993) (holding that where notice of forfeiture was adequate the claimant is not entitled to equitable relief). If, however, notice was adequate, the forfeiture proceeding provided an adequate legal remedy and the claimant will not be entitled to equitable relief. United States v. Elias, 921 F.2d 870, 873 (9th Cir.1990).
 
 
 7
 We affirm the district court's dismissal of Kahn's claims regarding the forfeiture of $105,762.45, the condominium in Boulder City, Co., the lot of land and residence in Vista, Ca., chemical supplies and computer equipment because it is apparent from record that Kahn received adequate notice of these forfeiture actions. See id.; United States v. U.S. Currency $83,310.78, 851 F.2d 1231, 1232 (9th Cir.1988) (holding that the dismissal of a Fed.R.Crim.P. 41(e) motion is compelled by Fed.R.Crim.P. 54(b)(5) where a judicial forfeiture action is filed). Because it is not clear from the record whether Kahn received adequate notice in the other forfeiture actions it does not appear beyond doubt that Kahn can prove no set of facts in support of his claim which would entitle him to relief.[2] See Lewis, 87 F.3d at 1545. Accordingly, we vacate the dismissal of these claims and remand.[3]
 
 
 8
 AFFIRMED in part, VACATED and REMANDED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Kahn's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We affirm the denial of Kahn's request for damages under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). See Arnsberg v. United States, 757 F.2d 971, 980 (9th Cir.1985) ("Bivens does not provide a means of cutting through the sovereign immunity of the United States itself")
 
 
 [2]
 In a number of these actions, it is unclear whether Kahn has any interest in the forfeited property, or whether, even if Kahn himself did not receive notice, notice nevertheless satisfied due process. See United States v. Castro, 78 F.3d 453, 456 (9th Cir.1996) ("Due process requires that the notice be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950))
 
 
 [3]
 We do not dismiss Kahn's action on the basis of collateral estoppel because Kahn's claims in the prior actions were denied on the basis of the fugitive disentitlement doctrine, and the United States Supreme Court recently rejected the application of the fugitive disentitlement doctrine in civil forfeiture proceedings. See Degen v. United States, 116 S.Ct. 1777, 1783 (1996) (reversing United States v. Real Property Located at Incline Village, 47 F.3d 1511 (9th Cir.1995). We may affirm on any grounds supported by the record. Granite State Ins. Co. v. Smart Modular Techs., Inc., 76 F.3d 1023, 1026 (9th Cir.1996)