UNITED STATES of America, Plaintiff–Appellee,

v.

Lily TEKLE, Defendant–Appellant.

No. 00–50168.
D.C. No. CR–98–39–RMT.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 17, 2002.*

Decided Feb. 4, 2002.

Before SCHROEDER, Chief Judge, McKEOWN, Circuit Judge, and ZILLY, District Judge.**

### MEMORANDUM***

Appellant Lily Tekle appeals her conviction on two counts of willful tax evasion, a felony under 26 U.S.C. § 7201. Appellant contends that her convictions were not supported by sufficient evidence, that the district court gave an improper jury instruction, and that the district court

abused its discretion in denying her pretrial motion to sever.

Challenges to the sufficiency of evidence require us to view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the convicted crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Bazuaye,* 240 F.3d 861, 863 (9th Cir.), *cert. denied* 533 U.S. 959, 121 S.Ct. 2613, 150 L.Ed.2d 768 (2001). The elements of felony tax evasion are "(1) the existence of a tax deficiency, (2) willfulness, and (3) an affirmative act of evasion or affirmative attempt to evade." *United States v. Carlson,* 235 F.3d 466, 468–69 (9th Cir.2000). After a thorough review of the record, we conclude that there was substantial evidence at trial to permit a rational trier of fact to find all three elements beyond a reasonable doubt.

Appellant next objects to a jury instruction permitting the jury to infer from her signature on her joint tax returns that she knew the contents of the returns. Where a defendant does not object to a proposed jury instruction at trial, the court reviews the trial court's instruction for plain error. *United States v. Dipentino,* 242 F.3d 1090, 1094 (9th Cir.2001). Plain error is error "so clear-cut, so obvious, a competent district court judge should be able to avoid it without benefit of objection." *United States v. Turman,* 122 F.3d 1167, 1170 (9th Cir.1997). While inference instructions are not favored, *see United States v. Warren,* 25 F.3d 890, 900 (9th Cir.1994)

---

* The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

** Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

**804**

(Rymer, J., concurring), adequate qualifying instructions may counter their possible objectionable effects. *United States v. Beltran–Garcia,* 179 F.3d 1200, 1205 (9th Cir.1999); *United States v. Houser,* 130 F.3d 867, 870 (9th Cir.1997); *Warren,* 25 F.3d at 899. Here, the district court provided several qualifying instructions that adequately prevented the inference instruction from misleading the jury.

Appellant also challenges the district court's denial of her motion to sever her trial from that of her husband. Denial of a motion to sever is reviewed for an abuse of discretion. *United States v. Sarkisian,* 197 F.3d 966, 978 (9th Cir.1999). The defendant must prove that the prejudice from the joint trial was so "clear, manifest, or undue that he or she was denied a fair trial." *United States v. Throckmorton,* 87 F.3d 1069, 1071–72 (9th Cir.1996). The court has reviewed the declaration filed by appellant's husband under seal and concludes that the district court was correct in finding that the proposed testimony outlined in this declaration was merely duplicative of the testimony given by appellant. Appellant has not established that her inability to introduce such duplicative evidence at trial resulted in clear prejudice denying her a fair trial.

AFFIRMED.