* This panel unanimously finds this case suitable for decision without oral argument. *See*

court's determination that Cyprien mentioned whistling during a later interrogation. As such, we find that the police officer's statement barely rose above an inconsistency, and was therefore not sufficiently prejudicial to have had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht,* 507 U.S. at 637, 113 S.Ct. 1710.

For the foregoing reasons, the district court's order denying Cyprien's petition for writ of habeas corpus is AFFIRMED.

**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Lois Marie ANDERSON, Defendant—
Appellant.**

**No. 00–50551.
D.C. No. CR–99–00584–CAS–1.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 3, 2002.*

Decided June 5, 2002.

Before O'SCANNLAIN, RYMER, and THOMAS, Circuit Judges.

Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Defendant–Appellant Lois Marie Anderson appeals her conviction for nine counts of bank fraud in violation of 18 U.S.C. § 1344. Because the parties are familiar with the factual and procedural history of the case, we do not recount it here. We affirm.

Anderson argues that she and her codefendant, Dr. Joseph Tyrone Alfred, presented mutually antagonistic defenses that were irreconcilable and therefore the district court should have granted her request for severance. A district court's refusal to sever is reviewed for an abuse of discretion and should be reversed only when the "joint trial was so manifestly prejudicial as to require the trial judge to exercise his discretion in but one way, by ordering a separate trial." *United States v. Abushi*, 682 F.2d 1289, 1296 (9th Cir. 1982). Mutually antagonistic defenses may prevent the jury from reliably determining guilt or innocence, and therefore warrant severance, when "the core of the codefendant's defense is so irreconcilable with the core of the [moving defendant's] own defense that the acceptance of the codefendant's theory by the jury precludes acquittal of the defendant." *United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir.1996).

This case is more like *Throckmorton*, in which we held that the asserted defenses were not antagonistic enough to warrant severance, than it is like *United States v. Mayfield*, 189 F.3d 895 (9th Cir.1999), or *United States v. Tootick*, 952 F.2d 1078 (9th Cir.1991). The district court correctly determined that Anderson and Dr. Alfred's defenses were not irreconcilably mutually antagonistic. Neither Anderson nor Dr.

Alfred contested participation in the actual transactions at issue; both just contested the intent element. The primary elements of Anderson's defense were that she always intended to repay the money and that it was Stephen Cadogan who convinced her to engage in the acts constituting the scheme. The primary elements of Dr. Alfred's defense were that he knew nothing about business and was duped by Anderson, who had banking experience and took advantage of Dr. Alfred when he was in dire financial and personal straits. Dr. Alfred also argued, like Anderson, that Cadogan was responsible. A jury could believe both these defenses, concluding that Anderson knew she was in financial trouble and consequently roped in Dr. Alfred, hoping to use him in some way, but that she also always intended to pay back the bank and was just following Cadogan's directions when she and Dr. Alfred carried out the daily transactions.

Because the defenses were not irreconcilably mutually antagonistic, the district court did not abuse its discretion when it refused to sever.[1]

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The district court did not abuse its discretion in considering Anderson's request on the merits even though she raised it after trial began. *See* Fed.R.Crim.P. 12(f).