MEMORANDUM **
Marc David Levine (“Levine”) was convicted of participating in a criminal telemarketing organization and thus violating 18 U.S.C. §§ 2, 371, 1341, 1343, 1956(h), and 1956(a)(1)(A)(i). The district court sentenced Levine to a term of 292 months and a three-year term of supervised release.
We conclude that the district court did not err in denying Levine’s motions to sever, in allowing testimony on privileged attorney-client matters, or in admitting hearsay testimony. However, we conclude that the matter should be remanded to the district court pursuant to United States v. Ameline, 409 F.3d 1073 (9th Cir.2005).
The district court did not err in denying the motions to sever. “To be entitled to severance on the basis of mutually antagonistic defenses, a defendant must show that the core of the codefendant’s defense is so irreconcilable with the core of his own defense that the acceptance of the codefendant’s theory by the jury precludes acquittal of the defendant.” United States v. Throckmorton, 87 F.3d 1069, 1072 (9th Cir.1996). Here, Levine did not meet his burden. His defense was not mutually antagonistic with his co-defendants because an acquittal did not depend on the conviction of the other defendants. Thus, Levine was not prejudiced by having a joint trial.
The district court did not err in allowing testimony on claimed privileged attorney-client matters. “The attorney-client privilege does not extend to communications made to a lawyer to further a criminal purpose.” United States v. Martin, 278 F.3d 988, 1001 (9th Cir.2002). Here, this exception to the attorney-client privilege applies to those statements made by Irving Einhorn, an attorney for the telemarketing organization. There was testimony before the district court that Levine and other defendants met with Einhorn for the specific purpose of committing a fraud and that Levine had engaged in criminal conduct prior to meeting Einhorn. The district court did not err in admitting this testimony.
The district court did not violate Levine’s rights under the Confrontation Clause in admitting Einhorn’s statements. *168 While the Confrontation Clause generally prohibits the admission of testimonial hearsay evidence, the Supreme Court held that the “business records or statements in furtherance of a conspiracy” are not testimonial. Crawford v. Washington, 541 U.S. 36, 56, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Here, the district court did not err in finding Einhorn a member of the conspiracy. Thus, the admission of his statements did not violate Levine’s rights under the Confrontation Clause.
Finally, Levine is entitled to remand under United States v. Ameline, 409 F.3d 1073 (9th Cir.2005).
Conviction AFFIRMED, Sentence REMANDED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.