**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10540 |
| Plaintiff - Appellee, | D.C. No. 2:11-CR-447-WBS |
| v. | |
| HUBERT ROTTEVEEL | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted July 13, 2017
San Francisco, California

Before: BEA and N.R. SMITH, Circuit Judges, and ROBRENO,** District Judge

Hubert Rotteveel appeals his conviction for mail fraud affecting a financial

institution under 18 U.S.C. § 1341, in connection with a scheme in which he

fraudulently obtained mortgages for investment properties. We affirm.

---

*  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**  The Honorable Eduardo C. Robreno, United States District Court Judge for
the Eastern District of Pennsylvania, sitting by designation.

1.     Sufficient evidence supported Rotteveel's conviction. Viewing the facts in the light most favorable to the government, a rational trier of fact could have found that: (a) Rotteveel's fraudulent statements to the lending bank were material; (b) the statements affected the lending bank; and (c) the mailing of the recorded deed from the county recorder to the lending bank was an essential part of the scheme. *See United States v. Bennett*, 621 F.3d 1131, 1135 (9th Cir. 2010).

The prosecution was not required to present specific testimony from the lending bank that the bank considered Rotteveel's statements to be material and capable of influencing its decisions. *See United States v. Peterson*, 538 F.3d 1064, 1072 (9th Cir. 2008). This inquiry is objective in nature and requires only that the jury determine Rotteveel's statements were capable of influencing such a lender. *See United States v. Jenkins*, 633 F.3d 788, 802 n.3 (9th Cir. 2011) (providing that "[t]here is no requirement that the statements actually influence those to whom they are addressed"); *United States v. Blixt*, 548 F.3d 882, 889 (9th Cir. 2008) ("[A] misrepresentation may be material without inducing any actual reliance. What is important is the intent of the person making the statement that it be in furtherance of some fraudulent purpose.") (internal quotation marks omitted). The government presented testimony from loan professionals that established Rotteveel's statements were capable of influencing the bank's decision to issue a

2

loan. This evidence was sufficient for a jury to find the materiality element satisfied.

The government was also not required to show Rotteveel's statements actually caused the bank to suffer a loss. Rather, the government only had to show that Rotteveel's misrepresentations objectively increased the bank's risk of loss. *United States v. Stargell*, 738 F.3d 1018, 1022 (9th Cir. 2013). The government presented testimony that the bank would not have issued the loan had it known it was lending more than 100 percent of an investment property's value. Additionally, there were misrepresentations about the debtor's income and assets. This evidence was sufficient for a jury to find the bank was affected.

The mailing of the recorded deed from the county recorder to the lending bank was incident to an essential part of the scheme because it evidenced to the lending bank that its loan was secured by the collateral. Without this confirmation, banks would not issue mortgages and Rotteveel's scheme would have collapsed. *See Schmuck v. United States*, 489 U.S. 705, 711-12 (1989).

2. The district court did not abuse its discretion when answering the jury's questions. *United States v. Verduzco*, 373 F.3d 1022, 1030 n.3 (9th Cir. 2004). Had the district court provided substantive answers to the jury's first two questions, it would have run the risk of usurping the jury's fact finding role and

engaging in a discussion of the meaning of specific evidence. *See United States v. Walker*, 575 F.2d 209, 214 (9th Cir. 1978).

3.    Since Rotteveel and his counsel were present for, and participated in, all discussions regarding the jury questions, and were present when the district court answered them, neither Rotteveel's due process rights nor his statutory rights were violated. *See Frantz v. Hazey*, 533 F.3d 724, 743 (9th Cir. 2008); *United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir. 1996). Rotteveel and his counsel had a sufficient opportunity to provide a proposed response to the second jury question, either in writing (as the government did) or orally during the courtroom discussion of the second and third question. However, even if we assume a sufficient opportunity was not provided, any error was harmless, *see United States v. Frazin*, 780 F.2d 1451, 1469-70 (9th Cir. 1986), because the district court answered the question properly by redirecting the jury to the evidence and the jury instructions. *See Walker*, 575 F.2d at 214.

4.    Considering the totality of the circumstances, the district court did not coerce the jury into continuing deliberations after it was allegedly deadlocked. *See Jiminez v. Myers*, 40 F.3d 976, 980 (9th Cir. 1993). When the jury indicated that it currently did not have unanimous agreement on the verdict, the district court properly asked if it could provide any additional assistive instructions on the law. *See Bollenbach v. United States*, 326 U.S. 607, 612-13 (1946) (recognizing a

4

judge's duty to address the jury's questions). The district court also properly sent the jury back to deliberate for a short period of time while the court considered the questions the foreperson asked in response to the court's inquiry. The evidence shows that the jury requested more time to deliberate and, at the end of that day, requested that it be allowed to return on the next business day. This evidence shows a lack of coercion.

**AFFIRMED.**