NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 15 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH HAYMORE,<br><br>               Petitioner-Appellant,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>               Respondent-Appellee. | No.   20-56246<br><br>D.C. Nos.   8:19-cv-00361-JLS<br>              8:12-cr-00090- JLS-2<br><br>MEMORANDUM[*] |
| PAUL LICAUSI,<br><br>               Petitioner-Appellant,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>               Respondent-Appellee. | No.   20-56247<br><br>D.C. Nos.   8:19-cv-00416-JLS<br>              8:12-cr-00090-JLS-3 |
| CRAIG MARTIN SHULTS,<br><br>               Petitioner-Appellant,<br><br>  v.<br><br>UNITED STATES OF AMERICA, | No.   20-56299<br><br>D.C. Nos.   8:19-cv-00587-JLS<br>              8:12-cr-00090-JLS-1 |

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted May 11, 2023[**]
Pasadena, California

Before: HURWITZ and R. NELSON, Circuit Judges, and KANE,[***] District Judge.

Joseph Haymore, Paul LiCausi, and Craig Shults (collectively, "Petitioners") were convicted of wire fraud in a joint trial for participating in a fraudulent real estate investment scheme. Before trial, Haymore and LiCausi moved to sever their case from Shults's, claiming that their defenses would be mutually antagonistic. Shults agreed. The district court denied the severance motion without prejudice, but the Petitioners never renewed the motion. They raised their severance arguments on direct appeal, but because they failed to renew their severance motion, we deemed their claim waived. *United States v. Shults*, 730 F. App'x 421, 423 (9th Cir. 2018).

Appealing the district court's denial of 28 U.S.C. § 2255 relief, the Petitioners now challenge the district court's conclusion that their trial attorneys' failure to

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

renew the severance motion did not constitute ineffective assistance of counsel. To establish ineffective assistance of counsel, a defendant must "show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Government does not challenge the district court's holding that trial counsels' performance was deficient, so we only address the issue of prejudice.

Deficient performance is prejudicial if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. While the reasonable probability standard is lower than a more-likely-than-not standard, *id.*, the difference between the two standards "is slight and matters 'only in the rarest case.'" *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*, 466 U.S. at 697). "The likelihood of a different result must be substantial, not just conceivable." *Id.*; *accord Washington v. Shinn*, 46 F.4th 915, 930 (9th Cir. 2022).

The Petitioners have not shown a reasonable probability that a renewed severance motion would have been successful. In denying the Petitioners' new trial motions, the district court rejected the argument that the Petitioners' defenses were

3

so antagonistic that they mandated severance. Given this ruling, it is not reasonably probable that the district court would have granted a renewed severance motion.

In any event, the Petitioners have not shown a reasonable probability that the standard for requiring severed trials was met. "To be entitled to severance on the basis of mutually antagonistic defenses, a defendant must show that the core of the codefendant's defense is so irreconcilable with the core of his own defense that the acceptance of the codefendant's theory by the jury precludes acquittal of the defendant." *United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir. 1996). "Antagonism between defenses is insufficient; the defenses must be antagonistic to the point of being irreconcilable and mutually exclusive." *United States v. Sherlock*, 962 F.2d 1349, 1363 (9th Cir. 1989). "The mere presence of hostility among defendants or the desire of one to exculpate himself by inculpating the other does not generate the kind of prejudice that mandates severance." *Id.*

Severed trials were not mandated here. Blame-shifting was not each side's only defense. As the district court determined, "despite these differences, Petitioners were united in the defense that none of them were guilty, and that the only guilty parties were not before the court for trial."

Moreover, even if the defenses were antagonistic, they were not so "to the point of being irreconcilable and mutually exclusive." *See id.* Finger-pointing by one defendant did not foreclose that defendant's guilt—the jury could still have

4

found *both* sides complicit.  *See id.* ("[T]he jury could have believed that both, neither, or only one of the men had committed the alleged acts.  The defense of one did not necessarily indicate the guilt of the other.").

Nor have the Petitioners shown a reasonable probability that a renewed severance motion would have been granted on appeal, where review would have been highly deferential to the district court.  *See United States v. Mikhel*, 889 F.3d 1003, 1046–47 (9th Cir. 2018).  Because the Petitioners have not shown a reasonable probability that a renewed severance motion would have been granted, their ineffective assistance of counsel claim fails.

**AFFIRMED.**