**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

SEP 5 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> ROBERT J. JESENIK, <br><br> Defendant - Appellant. | No. 23-2282 <br><br> D.C. No. 3:20-cr-00228-SI-1 <br><br> MEMORANDUM* |
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> ANDREW N. MACRITCHIE, AKA Andrew MacRitchie, <br><br> Defendant - Appellant. | No. 23-2308 <br><br> D.C. No. 3:20-cr-00228-SI-3 |
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> BRIAN K. RICE, | No. 23-2316 <br><br> D.C. No. 3:20-cr-00228-SI-4 |

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

|  |  |
| --- | --- |
| Defendant - Appellant. | |

| | |
| --- | --- |
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> ANDREW N. MACRITCHIE, AKA Andrew MacRitchie, <br><br> Defendant - Appellant. | No. 24-5402 <br><br> D.C. No. 3:20-cr-00228-SI-3 |

| | |
| --- | --- |
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> ROBERT J. JESENIK, <br><br> Defendant - Appellant. | No. 24-5404 <br><br> D.C. No. 3:20-cr-00228-SI-1 |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted April 2, 2025
San Francisco, California

Before: HURWITZ, KOH, and JOHNSTONE, Circuit Judges.

Robert Jesenik, Andrew MacRitchie, and Brian Rice appeal their convictions

for one count of conspiracy to commit mail and wire fraud in violation of 18 U.S.C.

§ 1349 and 28 counts of substantive wire fraud in violation of 18 U.S.C. § 1343.

23-2282

Jesenik also appeals his conviction for one count of making a false statement on a loan application in violation of 18 U.S.C. § 1014. For the reasons below and in a concurrently filed opinion, we affirm.

1. The district court did not abuse its discretion in denying severance. There is a "well-established . . . preference for joint trials where defendants have been jointly indicted." *United States v. Hernandez–Orellana*, 539 F.3d 994, 1001 (9th Cir. 2008). Severance should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Even if such a risk exists, limiting instructions and other measures "often will suffice to cure" it. *Id*.

Attempts by co-defendants to exculpate themselves by inculpating one another do not mandate severance unless a defendant "show[s] that the core of the codefendant's defense is so irreconcilable with the core of his own defense that the acceptance of the codefendant's theory by the jury precludes acquittal of the defendant." *United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir. 1996). Although Rice claimed to have been misled by Jesenik and MacRitchie, Rice also asserted, as did the other defendants, that he was not involved in a conspiracy or scheme to defraud. A jury accepting Rice's defense would therefore not be precluded from acquitting the other defendants.

Moreover, the district court took appropriate measures to mitigate any undue prejudice caused by joinder. After Rice's opening statement accused Jesenik of deception, the court instructed the jury that opening statements are not evidence and each defendant's guilt must be considered separately. Nor did the court abuse its discretion by allowing rebuttal arguments by Jesenik and MacRitchie. This was an appropriate form of "other relief" from the potential prejudice of joinder under Federal Rule of Criminal Procedure 14(a). *See United States v. Della Porta*, 653 F.3d 1043, 1051 n.3 (9th Cir. 2011) (noting that Rule 29.1 "neither sanctions nor prohibits the use of supplemental closing arguments in all cases"). Rice was not unfairly prejudiced by the rebuttals: neither Jesenik nor MacRitchie attempted to inculpate Rice, and Jesenik's counsel argued repeatedly that Rice was not guilty.

2. The district court did not abuse its discretion in denying a mistrial after the prosecutor's opening statement commented on cooperating co-conspirators' guilty pleas. Even assuming that the prosecutor improperly implied that the defendants were guilty by association, *see United States v. Halbert*, 640 F.2d 1000, 1004 (9th Cir. 1981), the pleas were admissible for "evaluating witness credibility," *id.*, and the district court repeatedly instructed the jury that they were not evidence of any defendant's guilt, *see id.* at 1006–07.

3. The district court did not abuse its discretion by allowing several investors with significant experience in the finance industry to testify that they would

4

not have invested had they known Aequitas was using their funds to pay prior investors rather than to buy new assets. This testimony was "rationally based on" the perceptions of these witnesses, Fed. R. Evid. 701(a), given their experience in the finance industry, and helpful to the jury in determining facts at issue, *see* Fed. R. Evid. 701(b). The testimony did not run afoul of Federal Rule of Evidence 701(c) because the witnesses accurately used "Ponzi scheme" to mean a business that uses new investor funds to pay prior investors and did not purport to be giving a technical or legal opinion.[1]

4.      The district court also did not abuse its discretion in admitting expert testimony that Aequitas had "Ponzi-like features" and "badges of fraud." The expert did not opine on an ultimate issue of law, because the defendants were not charged with running a Ponzi scheme, and the court so reminded the jury. The jury was also properly instructed that it should rely on the court's definition of fraud, and that the witness was not opining whether the defendants had fraudulent intent or any fraud had occurred. *See* Fed. R. Evid. 704(b).

5.      The district court did not abuse its discretion in admitting testimony by Jesenik's longtime executive assistant that Aequitas's chief financial officer would not have signed a loan application without Jesenik's knowledge and approval. The

---

[1] On the one occasion that a lay witness began to provide a legal definition of the term "Ponzi scheme," the district court properly halted the testimony and instructed the jury not to "take any legal definitions from" the witness.

witness had extensive first-hand observations of Jesenik's role in the company and his relationship with the former CFO, *see* Fed. R. Evid. 701(a), and this information was not otherwise available to the jury, *cf. United States v. Henke*, 222 F.3d 633, 641–42 (9th Cir. 2000).

6.    The district court did not abuse its discretion in declining to give advice-of-counsel and advice-of-accountants instructions.  The district court's general good-faith instruction "subsume[d]" those instructions.  *United States v. Bush*, 626 F.3d 527, 540 (9th Cir. 2010).

**AFFIRMED.**