UNITED STATES of America,
Plaintiff–Appellee,

v.

Isaac CALDERON, Defendant–
Appellant.

United States of America,
Plaintiff–Appellee,

v.

Richard Eric Macias, Defendant–
Appellant.

Nos. 05–50337, 05–50352.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 23, 2006.

Filed Feb. 22, 2007.

5.  ORS § 20.075(2).

6.  ORS § 20.075(2)(d).

9.  *Id.*

10.  *Democratic Party of Washington State v. Reed,* 388 F.3d 1281, 1287 (9th Cir.2004).

Becky S. Walker, Esq., Office of the U.S. Attorney, Los Angeles, CA, Jeannie E. Masse, Esq., Jeannie M. Joseph, Esq., Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Karen L. Landau, Esq., Oakland, CA, for Defendant–Appellant Isaac Calderon.

Isaac Calderon, Los Angeles, CA, pro se.

James M. Crawford, Esq., Orange, CA, for Defendant–Appellant Richard Eric Macias.

Before: TASHIMA, BEA, and IKUTA, Circuit Judges.

## MEMORANDUM *

Isaac Calderon and Richard Macias appeal their convictions following a jury trial for conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Appellants, who were tried jointly with co-defendant Rene Sanchez, contend that the district court abused its discretion in: (1) denying their requests to sever their trial from that of Sanchez; (2) disallowing the impeachment of Sanchez with a prior kidnaping conviction; and (3) denying their request to call defendant Macias' counsel as a witness to impeach Sanchez with statements Sanchez made to her during trial. Calderon further argues that the district court abused its discretion in denying his request to exclude expert testimony about the roles of drug traffickers and Calderon's apparent role in the drug conspiracy, and Macias argues that two of the prosecutor's questions to him during his cross-examination constitute prejudicial misconduct and warrant reversal. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm Appellants' convictions.[1]

First, we reject Appellants' contention that the district court abused its discretion in declining to sever their trial from that of Sanchez. Denial of severance will be reversed "only when 'the joint trial was so manifestly prejudicial as to require the trial judge to exercise his discretion [on the motion to sever] in just one way, by ordering a separate trial.'" *United States v. Johnson*, 297 F.3d 845, 855 (9th Cir.2002) (quoting *United States v. Hanley*, 190 F.3d 1017, 1027 (9th Cir.1999)) (citation and internal quotation marks

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts of this case, we do not recite them except to the extent necessary to aid in understanding this disposition.

omitted in *Johnson*) (alteration in *Johnson*).

Notably, antagonistic defenses " 'are not prejudicial per se,' " even if defendants are hostile to or seek to blame one another. *Zafiro v. United States,* 506 U.S. 534, 538, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993); *United States v. Throckmorton,* 87 F.3d 1069, 1071–72 (9th Cir.1996); *United States v. Sherlock,* 962 F.2d 1349, 1363 (9th Cir.1992). Rather, a district court should grant severance " 'only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt[ ] or innocence.' " *United States v. Angwin,* 271 F.3d 786, 795 (9th Cir.2001) (quoting *Zafiro,* 506 U.S. at 538–39, 113 S.Ct. 933).

In his trial testimony, Sanchez admitted to trafficking methamphetamine, but asserted an entrapment defense. Sanchez also testified that Calderon and Macias participated in the drug transaction with him. Appellants' defense, on the other hand, was that they were together and present at the scene of the drug transaction for innocent reasons, and were unaware that a drug transaction was taking place. The defenses were not antagonistic "to the point of being irreconcilable and mutually exclusive," *Sherlock,* 962 F.2d at 1363, such " 'that the acceptance of the co-defendant's theory by the jury precludes acquittal of the defendant[s],' " *Johnson,* 297 F.3d at 858 (quoting *Hanley,* 190 F.3d at 1028).

Accordingly, the case is distinguishable from *United States v. Mayfield,* 189 F.3d 895 (9th Cir.1999), and *United States v. Tootick,* 952 F.2d 1078 (9th Cir.1991), upon which Appellants rely. The jury in this case would not have had to convict any defendant if it had acquitted another. If the jury had accepted Sanchez's entrapment defense and had acquitted him, it could have acquitted Appellants as well, if it had believed their testimony or concluded the evidence against them was inadequate, as their defense urged. Similarly, if the jury had acquitted Appellants, it could have acquitted Sanchez as well if it believed he was entrapped or that the government had not established his guilt beyond a reasonable doubt. *United States v. Cruz,* 127 F.3d 791, 799–800 (9th Cir.1997), *abrogated on other grounds by United States v. Jimenez Recio,* 537 U.S. 270, 123 S.Ct. 819, 154 L.Ed.2d 744 (2003); *Throckmorton,* 87 F.3d at 1072.

■ Even if the defenses were mutually antagonistic, moreover, Appellants fail to demonstrate that they were prejudiced by the joint trial. *Zafiro,* 506 U.S. at 538–39, 113 S.Ct. 933; *Angwin,* 271 F.3d at 795. Sanchez's testimony would have been admissible against Appellants at a joint trial, and Sanchez was extensively impeached. *Cruz,* 127 F.3d at 799–800; *Throckmorton,* 87 F.3d at 1072. Moreover, Sanchez and Fierro, who implicated Appellants, both testified and were subject to cross-examination; the district court excluded defendants' post-arrest statements; no evidence was admitted through Sanchez that would have been inadmissible against Appellants at a separate trial; counsel did not emphasize other defendants' guilt; the district court offered a limiting instruction; and the evidence against Appellants was otherwise strong. The district court did not abuse its discretion in denying severance.

■ Second, we conclude that any error in disallowing the impeachment of Sanchez through his prior conviction for kidnaping was harmless in view of the other impeachment evidence, including the introduction of Sanchez's other prior felony convictions. "A limitation on cross-examination does not violate the Confrontation Clause unless it limits relevant testimony and prejudices the defendant, . . . and denies the jury

sufficient information to appraise the biases and motivations of the witness." *United States v. Bensimon,* 172 F.3d 1121, 1128 (9th Cir.1999) (citations and quotation marks omitted). Because the jury had sufficient information to appraise Sanchez's biases and motivations, Appellants were not prejudiced and are not entitled to reversal on this basis.

■ Third, we conclude that the district court did not abuse its discretion in declining to allow Macias' counsel to testify regarding a statement, allegedly exonerating to Macias and offering further impeachment of Sanchez, which was volunteered to her by Sanchez mid-trial. *United States v. Hankey,* 203 F.3d 1160, 1166–67 (9th Cir. 2000). The district court properly concluded that the probative value of this evidence was outweighed by the risk of undue consumption of time and would raise issues with respect to the attorney's ethical obligations, role as an advocate, and credibility. *See Fowler v. Sacramento County Sheriff's Dep't,* 421 F.3d 1027, 1030 (9th Cir.2005); *United States v. Prantil,* 764 F.2d 548, 551–53 (9th Cir.1985); *United States v. Dupuy,* 760 F.2d 1492, 1498 (9th Cir.1985). In addition, Appellants were not deprived of any significant, noncumulative, impeachment evidence as a result of this ruling.

■ Fourth, we reject Calderon's contention that the district court abused its discretion in allowing the Government's expert witness on drug trafficking to testify regarding defendants' various roles in the offense. Expert witnesses may testify that a defendant in a drug conspiracy case acted consistently with, or in fact held, a particular role in the conspiracy, and such testimony in this case was likewise proper. *United States v. Bosch,* 914 F.2d 1239, 1243 (9th Cir.1990); *United States v. Gomez–Norena,* 908 F.2d 497, 501–02 (9th Cir.1990).

■ Such testimony "helps the jury understand complex criminal activities, and alerts it to the possibility that combinations of seemingly innocuous events may indicate criminal behavior." *United States v. Gil,* 58 F.3d 1414, 1422 (9th Cir.1995) (internal quotation marks omitted). Similarly, the expert testimony here did not amount to improper testimony regarding Calderon's *mens rea. See, e.g., United States v. Younger,* 398 F.3d 1179, 1189–90 (9th Cir.2005) (holding that district court did not abuse its discretion in admitting expert testimony that an individual who possessed the quantity of drugs at issue possessed it for the purpose of distributing it, where "the jury could have accepted his testimony and still infer[red] that defendant was atypical").

■ Finally, we reject Macias' argument that the prosecutor engaged in prejudicial misconduct. While cross-examining Macias, the prosecutor asked two questions in an alleged attempt to compel him to vouch for the credibility of agents involved in his case. The unanswered questions, to which objections were promptly made and sustained, were harmless. *See, e.g., United States v. Geston,* 299 F.3d 1130, 1136 (9th Cir.2002) ("A prosecutor's improper questioning is not in and of itself sufficient to warrant reversal."). Notably, moreover, the specific phrasing of the questions did not improperly solicit Macias' statement that other witnesses were lying, because asking whether a witness is "lying or mistaken somehow" leaves open the possibility that the witness is simply mistaken. Accordingly, the questions were not improper on this ground. *See, e.g., D'Aquino v. United States,* 192 F.2d 338, 369–70 (9th Cir.1951) (finding no error where the defendant was asked whether witnesses' testimony was in error).

For the foregoing reasons, the judgments of conviction are

**AFFIRMED.**