UNITED STATES of America,
Plaintiff–Appellee,

v.

Rene SANCHEZ, Defendant–Appellant.

No. 06–50329.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2007.

Filed Feb. 5, 2008.

Becky S. Walker, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Jeannie M. Joseph, Esq., USSA—Office of the U.S. Attorney, Santa Ana, CA, for Defendant–Appellant.

Before: BRIGHT *, PREGERSON, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Appellant Rene Sanchez appeals his conviction for conspiracy to possess with intent to distribute methamphetamine, possession with intent to distribute methamphetamine, use of or carrying a firearm during a drug trafficking crime, and being a felon in possession of a firearm. Sanchez challenges the district court's denial of his motion for severance from his co-defendants' trial, and the district court's denial of his post-verdict motion for a new trial based on newly discovered evidence. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the district court's order denying severance, reverse the district court's order denying the new trial motion, and remand to the district court.[1]

### I

We review the district court's decision denying severance for abuse of discretion. *United States v. Mayfield,* 189 F.3d 895, 899 (9th Cir.1999). We conclude that the district court did not err in denying Sanchez's motion for severance.[2]

Sanchez challenges the district court's decision denying severance on two

---

* The Honorable Myron H. Bright, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts and procedural history of this case, they will not be repeated herein.

2. Sanchez moved for severance pursuant to Fed.R.Crim.P. 14(a), which provides in pertinent part: "If the joinder of ... defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant ... the court may ... sever the defendants' trials, or provide any relief that justice requires."

grounds: (1) severance was required because he and his co-defendants presented irreconcilable defenses at trial; and (2) severance was required because the conduct of his co-defendants' counsel deprived Sanchez of his due process right to a fair trial.

■ The law of the case doctrine forecloses Sanchez's first argument. In *United States v. Calderon*, 220 Fed.Appx. 751 (9th Cir.2007) (unpublished memorandum disposition), an appeal brought by Sanchez's co-defendants, Richard Macias and Isaac Calderon, we held that the district court did not err in denying severance because Macias, Calderon, and Sanchez's defenses were not irreconcilable. *Id.* at 753–54. Therefore, because we previously held that the defenses were not irreconcilable, Sanchez may not re-litigate this issue on appeal. *See United States v. Schaff*, 948 F.2d 501, 506 (9th Cir.1991) (holding that the law of the case doctrine applies when the "appeal of one co-defendant is decided prior to the appeal of the other co-defendant, if both were convicted at the same trial").

■ Next, we reject Sanchez's argument that the conduct of co-defendants' counsel at trial deprived him of his right to a fair trial. Sanchez points to six separate occasions whereby co-defendants' counsel engaged in improper conduct which "had it been engaged in by the ... prosecutor, would have been prosecutorial misconduct." While "a district court should grant a severance under Rule 14 ... if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants," *Zafiro v. United States*, 506 U.S. 534, 539, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993), we hold that on this record the joint trial did not compromise Sanchez's due process right to a fair trial. The district court sustained virtually every objection to inappropriate questions and struck answers to inappropriate questions when responses were given. The district court also gave adequate curative and limiting instructions. *See id.* at 540, 113 S.Ct. 933 ("[J]uries are presumed to follow [judges'] instructions.") (internal quotations and citation omitted); *see also United States v. Frederick*, 78 F.3d 1370, 1381 (9th Cir.1996) (considering curative measures, or the lack thereof, taken by the district court in determining whether a prosecutor's conduct deprived a defendant of a fair trial).

## II

We review the district court's decision denying a motion for a new trial for abuse of discretion. *United States v. Kulczyk*, 931 F.2d 542, 548 (9th Cir.1991). We conclude that the district court erred in denying Sanchez's motion for a new trial.

Generally, to prevail on a motion for a new trial on the grounds of newly discovered evidence under Federal Rule of Criminal Procedure Rule 33, the defendant must satisfy a five-part test: "(1) the evidence must be newly discovered; (2) the failure to discover the evidence sooner must not be the result of a lack of diligence on the defendant's part; (3) the evidence must be material to the issues at trial; (4) the evidence must be neither cumulative nor merely impeaching; and (5) the evidence must indicate that a new trial would probably result in acquittal." *Id.* at 548–49.

■ However, different standards apply when the defendant premises his new trial motion on the prosecution's use of perjury. If the perjury was used knowingly the conviction " 'must be set aside if there is any reasonable likelihood that the false testimony could have effected [sic] the judgment of the jury.' " *United States v. Young*, 17 F.3d 1201, 1203 (9th Cir.1994)

(quoting *United States v. Agurs,* 427 U.S. 97, 103, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976)). If the defendant cannot show that the prosecution knowingly used false testimony, then the conviction will be set aside "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Endicott,* 869 F.2d 452, 455 (9th Cir.1989) (citing *United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985)). The latter standard applies in evaluating Sanchez's claim because he based his motion for a new trial on evidence of perjury but cannot demonstrate that the prosecution was aware of the false evidence.

Sanchez argues that following the jury's guilty verdict, he learned that the Government's key trial witness committed perjury. In support of his motion for a new trial, Sanchez submitted affidavits from three individuals indicating that they would offer testimony directly contradicting sworn testimony given at trial by the Government's witness. After characterizing this evidence as "merely impeaching" and cumulative to evidence presented at trial, the district court applied the five-part test set forth in *United States v. Kulczyk,* 931 F.2d at 548, and denied Sanchez's motion. The district court applied the wrong standard to Sanchez's new trial motion in light of Sanchez's claims.

The district court's characterization of Sanchez's new evidence as "merely impeaching" was incorrect. Indeed, this evidence, if the district court determines it credible, could prove that the Government's key witness committed perjury. Accordingly, the district court must reconsider the motion for a new trial, applying the correct standard, which governs a motion for new trial based on the alleged use of perjury by the government in its prosecution.

### III

We therefore **AFFIRM** the district court's order denying severance. We **VACATE** the district court's order denying the new trial motion and **REMAND** for further proceedings consistent with this memorandum disposition.

