**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50019 |
| Plaintiff - Appellee, | D.C. No. 8:02-cr-00124-AHS-1 |
| v. | |
| RENE SANCHEZ, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Alicemarie H. Stotler, Senior District Judge, Presiding

Argued and Submitted February 1, 2010
Pasadena, California

Before: KLEINFELD, WARDLAW and CALLAHAN, Circuit Judges.

Rene Sanchez again appeals his conviction for conspiracy to possess with

intent to distribute methamphetamine and other drug-related crimes. Following his

prior appeal, we remanded his case to the district court to reconsider his motion for

new trial pursuant to Federal Rule of Criminal Procedure 33. We review the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

district court's denial of his motion for a new trial for abuse of discretion, and reverse and remand with instructions for the district court to hold an evidentiary hearing to determine whether the evidence of perjury during Sanchez's first trial is credible. *See United States v. Hinkson*, 585 F.3d 1247, 1259 (9th Cir. 2009).

Mr. Sanchez sought a new trial on the ground that new evidence, in the form of affidavits from three individuals indicating that they would offer testimony directly contradicting the sworn trial testimony of Bureau of Narcotic Enforcement ("BNE") informant Elias Fierro, demonstrates that Mr. Fierro committed perjury during his trial. In our disposition following Mr. Sanchez's prior appeal, we directed the district court to apply the proper legal standard, holding that his new trial motion should be granted if there was "'a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *United States v. Sanchez*, 266 F. App'x 579, 582 (9th Cir. 2008) (quoting *United States v. Endicott*, 869 F.2d 452, 455 (9th Cir. 1989)).

On remand, the district court assumed the truth of the new evidence and again denied the new trial motion, finding that the "impeachment value of the newly-discovered evidence and Mr. Fierro's importance as a witness only addressed the inducement prong of Sanchez's entrapment defense" and left undisturbed the evidence of predisposition.

2

The district court's focus solely on the remaining predisposition evidence in isolation was misplaced. Whether the allegedly perjured testimony was "material" to Mr. Sanchez's predisposition "must be judged in the context of the entire record." *Brown v. Borg*, 951 F.2d 1011, 1016–17 (9th Cir. 1991). The relevant question is not whether, even without Mr. Fierro's alleged perjured testimony, a rational fact finder could have found Mr. Sanchez was predisposed to commit the offenses of conviction, but rather whether the revelation that Mr. Fierro committed perjury sufficiently undermines confidence in the outcome of the trial. *Endicott*, 869 F.2d at 455. Applying the proper standard, we conclude that the new evidence of perjured testimony creates a "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Sanchez*, 266 F. App'x at 582.

First, without Fiero's testimony, there is a reasonable probability that the jury would not have been persuaded beyond a reasonable doubt about predisposition. Mr. Sanchez's convictions for possession of roughly two grams of cocaine for sale (once in 1985 and again in 1989) are insufficient to establish Mr. Sanchez's predisposition to engage in the instant drug transaction. *See Sherman v. United States*, 356 U.S. 369, 375 (1958); *United States v. Thomas*, 134 F.3d 975, 980 (9th Cir. 1998). Similarly, the recording of Mr. Sanchez on the day of the

3

transaction purporting to show his enthusiastic participation, while relevant, does not go to the critical question of Mr. Sanchez's predisposition *prior* to his interaction with the Government informant. *See United States v. Poehlman*, 217 F.3d 692, 703 (9th Cir. 2000) ("[T]he relevant time frame for assessing a defendant's disposition comes before he has any contact with Government agents, which is doubtless why it's called *pre*disposition."). This evidence does not provide definitive corroboration of Mr. Sanchez's predisposition. *Compare Endicott*, 869 F.2d at 456 (finding "definitive corroboration" of a challenged witness' testimony existed where every interaction between the defendant and witness was recorded).

More fundamentally, however, as to the critical point in the entrapment analysis—the time before the alleged inducement by Government agents—the Government relies entirely on Mr. Fierro's testimony. The new evidence Mr. Sanchez seeks to introduce tends to show that Mr. Fierro committed perjury on the stand both as to what transpired during his first meeting with Mr. Sanchez and to his conduct while employed by the BNE. It also bolsters Mr. Sanchez's version of events by corroborating his testimony that it was Mr. Fierro—not Mr. Sanchez—who sold the drugs and suggesting that Mr. Fierro had on other occasions attempted to induce transactions involving multiple pounds of drugs. To

find that Mr. Sanchez was predisposed to engage in the drug transaction, the jury in this case had to have credited Mr. Fierro's testimony and discredited that of Mr. Sanchez. The question of credibility went to the heart of the jury's analysis of Mr. Sanchez's entrapment defense and, as a result, the new evidence undermines the very core of Mr. Sanchez's conviction. The test is not whether, without the evidence that would have been impeached, there still would have been sufficient evidence under the *Jacobson* standard to show predisposition. *Jacobson v. U.S.*, 503 U.S. 540, 549 (1992). It is rather whether "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Sanchez*, 266 F. App'x at 582. Evidence that the government's star witness lied under oath about the critical issues in the case does indeed give rise to such probability.

Given the critical importance of Mr. Fierro's testimony to the Government's case and the relatively weak corroboration of Mr. Sanchez's predisposition, there exists a reasonable probability that had the new evidence been disclosed to the defense, the outcome of the trial would have been different. *See Sanchez*, 266 F. App'x at 582. Therefore, the district judge erred by concluding otherwise, and we reverse that holding. However, no judge has yet made a factual finding as to whether the new evidence is in fact credible. Accordingly, we remand to the

5

district judge to make a finding as to whether the new evidence is credible.  If, after

an evidentiary hearing the district judge concludes the new evidence is credible,

Sanchez is entitled to a new trial, and the district court should proceed accordingly.

*See Jaramillo v. Stewart*, 340 F.3d 877, 883–84 (9th Cir. 2003) (holding in habeas

action that a remand to the district court for an evidentiary hearing was appropriate

to weigh the credibility of newly discovered evidence).

**REVERSED and REMANDED with Instructions.**