**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| LARRY GRANT, on his own behalf and on behalf of his minor child, P.C., Individuals, | No. 22-56121 |
| | D.C. No. 2:21-cv-06666-JVS-JEM |
| *Plaintiff-Appellant*, and | |
| P. C., Individual Guardian Ad Litem Larry Grant, | OPINION |
| *Plaintiff*, v. | |
| CITY OF LONG BEACH; LONG BEACH POLICE DEPARTMENT; RODRIGUEZ, | |
| *Defendants-Appellees*, and | |
| DOES, 1 through 15 Inclusive, | |
| *Defendant*. | |

| | |
|---|---|
| LARRY GRANT, on his own behalf and on behalf of his minor child, P.C., | No. 22-56143 |

Individuals,

*Plaintiff*,

and

P. C., Individual Guardian Ad Litem
Larry Grant,

*Plaintiff-Appellant*,

v.

CITY OF LONG BEACH; LONG
BEACH POLICE DEPARTMENT;
RODRIGUEZ,

*Defendants-Appellees*.

D.C. No.
2:21-cv-06666-
JVS-JEM

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted March 7, 2024
Pasadena, California

Filed March 22, 2024

Before:  Holly A. Thomas and Roopali H. Desai, Circuit
Judges, and Rosemary Márquez,* District Judge.

Opinion by Judge Desai

---

* The Honorable Rosemary Márquez, United States District Judge for the
District of Arizona, sitting by designation.

## SUMMARY[**]

### Federal Rule of Appellate Procedure 28

The panel struck appellants' opening brief in its entirety pursuant to Ninth Circuit Rule 28-1 because it materially failed to comply with Circuit rules and dismissed the appeal.

The panel noted that appellants filed an opening brief replete with misrepresentations and fabricated case law. The brief included only a handful of accurate citations, almost all of which were of little use to this Court because they were not accompanied by coherent explanations of how they supported appellants' claims. No reply brief was filed. The deficiencies violated Federal Rule of Appellate Procedure 28(a)(8)(A). The panel was, therefore, compelled to strike appellants' brief and dismiss the appeal.

### COUNSEL

Angela R. Swan (argued), Law Office of Angela R. Swan, Torrance, California, for Plaintiff-Appellant.

Matthew M. Peters (argued), Long Beach City Attorney's Office, Long Beach, California, for Defendants-Appellees.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

# OPINION

DESAI, Circuit Judge:

Appellants Larry Grant and his daughter P.C. appeal the district court's grant of summary judgment in favor of Appellees, City of Long Beach and Gabriela Rodriguez. Appellants allege that their constitutional rights to association and due process were violated. They also allege several state-law claims. Appellants filed an opening brief but did not file a reply brief. Because we find that Appellants' opening brief represents a material failure to comply with our rules, we strike the brief in its entirety pursuant to Ninth Circuit Rule 28–1 and dismiss this appeal.

## DISCUSSION

"Federal Rule of Appellate Procedure 28 and our corresponding Circuit Rules 28–1 to –4 clearly outline the mandatory components of a brief on appeal. These rules exist for good reason." *Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007) (per curiam). To fairly consider cases on appeal, we require parties to present reliable and understandable support for their claims. *See id.* We have discretion to dismiss appeals because of deficiencies in the briefs. *See N/S Corp. v. Liberty Mut. Ins.*, 127 F.3d 1145, 1146 (9th Cir. 1997).

Here, Appellants filed an opening brief replete with misrepresentations and fabricated case law. For example, the brief states that *Hydrick v. Hunter*, 669 F.3d 937 (9th Cir. 2012), "examined a claim of false imprisonment brought by a parent whose child was unlawfully removed from the home by government officials." *Hydrick*, however, discusses no such claim. The case instead concerns a conditions of

confinement claim brought by a class of persons civilly committed under California's Sexually Violent Predator Act. *Id.* The words "parent" and "child" appear nowhere in the opinion. Similarly, Appellants' brief states that *Wall v. County of Orange*, 364 F.3d 1107 (9th Cir. 2004), "addressed intentional infliction of emotional distress claims against police officers who unlawfully removed a child from her parent." *Wall* instead concerns allegations of excessive force, false arrest, and false imprisonment brought by a dentist who was arrested after an altercation at an auto shop. *Id* at 1110–12. The words "parent" and "child" are, once again, absent from the opinion. Beyond *Hydrick* and *Wall*, Appellants also misrepresent the facts and holdings of numerous other cases cited in the brief. *See, e.g.*, *Smith v. City of Salem*, 378 F.3d 566 (6th Cir. 2004); *Yvonne L. v. N.M. Dep't of Hum. Servs.*, 959 F.2d 883 (10th Cir. 1992); *Smith v. City of Fontana*, 818 F.2d 1411 (9th Cir. 1987); *Wilkins v. City of Oakland*, 350 F.3d 949 (9th Cir. 2003); *Harris v. Roderick*, 126 F.3d 1189 (9th Cir. 1997); *Mattos v. Agarano*, 661 F.3d 433 (9th Cir. 2011); *Henderson v. City of Simi Valley*, 305 F.3d 1052 (9th Cir. 2002); *Johnson v. City of Seattle*, 474 F.3d 634 (9th Cir. 2007); *Brooks v. City of Seattle*, 599 F.3d 1018 (9th Cir. 2010); *Devereaux v. Perez*, 218 F.3d 1045 (9th Cir. 2000); *Wallis v. Spencer*, 202 F.3d 1126 (9th Cir. 2000).

Unfortunately, Appellants not only materially misrepresent the facts and holdings of the cases they cite in the brief, but they also cite two cases that do not appear to exist. *See Smith v. City of Oakland*, 731 F.3d 1222, 1231 (11th Cir. 2013); *Jones v. Williams*, 791 F.2d 1024 (9th Cir. 1986). In light of the magnitude of Appellants' citations to apparently fabricated cases, we issued a focus order before argument directing counsel to be prepared to discuss these

cases. Counsel was also directly asked about these cases during oral argument. Counsel, however, did not acknowledge the fabrications. Nor did counsel provide any other meaningful support for Appellants' claims. Specifically, Appellants' counsel engaged in the following colloquy with the Court:

> THE COURT:  . . . There were two cases cited in the brief that don't seem to exist at all: *Smith v. Oakland*, *Jones v. Williams*. So . . . maybe address those two cases that we could not locate, [and] with respect to the rest of your case, I'm just wondering what the strongest cases are that you have on authority, because the ones you cited . . . the facts just don't line up with what you cited them for.

> COUNSEL:  The two cases that the court had indicated prior to the case today, one of them I will indicate that it was cited incorrectly, um the second case . . .

> THE COURT: Okay, well which one was that . . . that was cited incorrectly?

> COUNSEL:  That was *Williams v. Jones*

| | |
|---|---|
| THE COURT: | And what's the correct citation you want us to look at? |
| COUNSEL: | The case just did not apply, so I would have to just not rely on that case, the other case was the *United States v. William*, . . . that case would have to be distinguished from our case in that our case, our client was not freely and voluntarily giving the police officers permission to come into the home . . . |

Appellants' brief includes only a handful of accurate citations, almost all of which were of little use to this Court because they were not accompanied by coherent explanations of how they supported Appellants' claims. No reply brief was filed. These deficiencies violate Federal Rule of Appellate Procedure 28(a)(8)(A). "When writing a brief, counsel *must* provide an argument which *must* contain 'appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies.'" *Sekiya*, 508 F.3d at 1200 (citing Fed. R. App. P. 28(a)(8)(A)). We are therefore compelled to strike Appellants' brief and dismiss the appeal. *See In re O'Brien*, 312 F.3d 1135, 1136 (9th Cir. 2002).

**DISMISSED.**