**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| FARES JERIES RABADI, M.D., | No. 22-70114 |
| *Petitioner*, | DEA No. |
| v. | 20-14 |
| U.S. DRUG ENFORCEMENT ADMINISTRATION; MERRICK B. GARLAND, Attorney General; ANNE MILGRAM, Administrator, Drug Enforcement Administration, | OPINION |
| *Respondents*. | |

On Petition for Review of an Order of the
Drug Enforcement Agency

Argued and Submitted November 12, 2024
San Francisco, California

Filed November 27, 2024

Before: Sidney R. Thomas and Eric D. Miller, Circuit
Judges, and Donald W. Molloy,[*] District Judge.

Opinion by Judge Sidney R. Thomas

---

[*] The Honorable Donald W. Molloy, United States District Judge for the
District of Montana, sitting by designation.

## SUMMARY[**]

### Drug Enforcement Administration

The panel denied a petition for review of the Drug Enforcement Administration ("DEA") Administrator's final order revoking Dr. Fares Jeries Rabadi's certificate of registration to dispense controlled substances.

Rabadi argued that the DEA's revocation of his registration was invalid because DEA administrative law judges are unconstitutionally insulated from removal by two layers of "for-cause" protections. The panel held that Rabadi's argument failed under *Decker Coal Co. v. Pehringer*, 8 F.4th 1123 (9th Cir. 2021) (holding that the Department of Labor ALJ removal protections are constitutional). First, DEA ALJs perform purely adjudicatory functions just like Department of Labor ALJs. Second, Congress does not mandate that the DEA use ALJs as presiding officers for administrative hearings. Third, DEA ALJ decisions are reviewed de novo by the DEA Administrator.

The panel rejected Rabadi's argument that the DEA Administrator's order was arbitrary and capricious. The Administrator properly ignored Rabadi's defense that high dosages of prescribed drugs could still be safe, and the Administrator's decision to find Rabadi's lack of a conviction record not dispositive was not arbitrary or capricious.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Joshua S. Lowther (argued) and Bingzi Hu, Lowther Walker LLC, Atlanta, Georgia, for Petitioner.

Anita J. Gay (argued) and Brendan J. McDonald, Trial Attorneys, Narcotic and Dangerous Drug Section; Kenneth A. Polite Jr., Assistant Attorney General; Nicole M. Argentieri, Principal Deputy Assistant Attorney General, Head of Criminal Division; United States Department of Justice, Washington, D.C.; for Respondents.

## OPINION

THOMAS, Circuit Judge:

Dr. Fares Jeries Rabadi petitions for review of the Drug Enforcement Administration ("DEA") Administrator's final order revoking his certificate of registration to dispense controlled substances. The DEA Administrator had jurisdiction to revoke Rabadi's registration under 21 U.S.C. § 824(a)(4).[1] We have jurisdiction to review the DEA's final order under 21 U.S.C. § 877. We deny Rabadi's petition for review.

"We review questions of constitutional law de novo." *Decker Coal Co. v. Pehringer*, 8 F.4th 1123, 1129 (9th Cir. 2021). We must set aside an agency decision that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). A decision "based on a consideration of relevant factors" and

---

[1] The Attorney General delegated this statutory authority to the DEA Administrator. 28 C.F.R. § 0.100(b).

with "no clear error of judgment" is not arbitrary or capricious. *Fry v. DEA*, 353 F.3d 1041, 1043 (9th Cir. 2003).

I

Rabadi has been a licensed physician in California since 1998. In April 2018, the DEA initiated an investigation into Rabadi after being alerted to his high-risk prescribing practices of controlled substances. In March 2020, the DEA issued an Order to Show Cause and Immediate Suspension of Registration stating that Rabadi's continued registration to dispense controlled substances would be inconsistent with the public interest as defined by the Controlled Substances Act. *See* 21 U.S.C. §§ 823(g)(1),[2] 824(a)(4). The agency alleged Rabadi "violated federal and California law" by "issuing numerous prescriptions for . . . controlled substances outside the usual course of professional practice and not for a legitimate medical purpose to seven individuals."

Rabadi requested a hearing before an administrative law judge ("ALJ"), which occurred in September 2020. At the hearing, the government's expert witness testified that Rabadi failed to conduct adequate examinations or keep adequate medical records and prescribed high dosages of controlled substances, often in dangerous combinations.

Rabadi testified that he acted within the standard of care. He explained the lack of documentation in his records by

---

[2] The version of the statute that was in effect at the time of Rabadi's proceedings listed the public interest factors at 21 U.S.C. § 823(f). Section 823(f) was re-designated as § 823(g)(1) as part of an amendment effective December 2, 2022. Medical Marijuana and Cannabidiol Research Expansion Act, Pub. L. No. 117-215, 136 Stat. 2257 (2022). The language itself has not changed.

saying, "I rely on my photographic memory."  Addressing the dosages he prescribed, Rabadi said his patients would "not overdose" because "all the study dosages . . . were five-six times more than the FDA-approved dose."  The ALJ sustained an objection to Rabadi's discussion of "study dosages" on the grounds that "tangential reports" were outside the scope of the hearing.  Rabadi did not raise the "study dosages" again or elaborate further.

The ALJ issued his Recommended Rulings, Findings of Fact, Conclusions of Law, and Decision in December 2020. The ALJ found Rabadi's testimony not credible and recommended revoking his registration.

The DEA Administrator published a final Decision and Order in the *Federal Register* on May 19, 2022, adopting the ALJ's recommendations with minor modifications.  The Administrator revoked Rabadi's registration as inconsistent with the public interest under 21 U.S.C. §§ 823(g)(1) and 823(a)(4).  Rabadi petitioned for review.

II

Rabadi argues that the DEA's revocation of his registration is invalid because DEA ALJs are unconstitutionally insulated from removal by two layers of "for-cause" protections.[3]  For hearings before the DEA, the Administrator appoints an ALJ as a presiding officer.  21 C.F.R. §§ 1316.42(f), 1316.52.[4]  The ALJ is removable only

---

[3] Although Rabadi did not challenge the ALJ's removal restrictions in the agency proceedings below, he was not required to do so because the agency had "no special expertise" over his "purely constitutional claim[]" and would not be "capable of remedying any defects" in the removal scheme.  *Carr v. Saul*, 593 U.S. 83, 93–94 (2021).

[4] While DEA regulations specify that the presiding officer is an ALJ, Congress allows the presiding officer to be an ALJ, "the agency," or "one

"for good cause" by the Merit Systems Protection Board.  5 U.S.C. § 7521.[5]    The Merit Systems Protection Board members in turn may be removed "only for inefficiency, neglect of duty, or malfeasance in office."   5 U.S.C. § 1202(d).  Rabadi contends that these two layers of removal protections are constitutionally impermissible.

Rabadi's argument fails under *Decker Coal Co. v. Pehringer*, 8 F.4th 1123 (9th Cir. 2021).  In *Decker Coal*, we considered the same ALJ removal protections that Rabadi challenges here and found them constitutional.  *Id.* at 1130.  We limited *Decker Coal*'s holding to the application of 5 U.S.C. § 7521 to Department of Labor ("Labor") ALJs, *id.* at 1136, but the same reasoning relied on in *Decker Coal* applies to DEA ALJs.

In *Decker Coal*, we first noted that the Supreme Court "specifically left open the question whether two-level protections for ALJs are constitutionally permissible." *Decker Coal*, 8 F.4th at 1133 (citing *Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477, 507 n.10, 508 (2010)).  In *Free Enterprise Fund*, the Court held that the "highly unusual," 561 U.S. at 505, two-layer removal scheme for Public Company Accounting Oversight Board ("PCAOB") members unconstitutionally infringed on the President's Article II powers.  *Id.* at 484.

In *Decker Coal*, we distinguished the PCAOB from the Department of Labor on three grounds and found the Labor

---

or more members of the body which comprises the agency."  5 U.S.C. § 556(b).

[5] Section 7521 applies to any ALJs appointed under 5 U.S.C. § 3105. DEA ALJs are appointed under 5 U.S.C. § 3105 pursuant to 5 U.S.C. § 556(b)(3) and 21 C.F.R. § 1316.42(f).

ALJ removal protections constitutional.  First, we concluded that the powers of Labor ALJs are "purely adjudicatory," unlike the policymaking and enforcement powers of PCAOB members. *Decker Coal*, 8 F.4th at 1133.  Second, we noted that Congress did not mandate that the Department of Labor use ALJs as hearing examiners.  *Id.* at 1133–34. Third, we underscored that Labor ALJ decisions are reviewed for substantial evidence and legal error by officials who are removable at will (the Benefits Review Board and the Secretary of Labor) and accordingly the President has sufficient control.  *Id.* at 1134–35.

All three of these grounds apply in equal or greater force to DEA ALJs.  First, DEA ALJs perform purely adjudicatory functions just like Labor ALJs.  21 C.F.R. § 1316.52 (describing the powers of presiding officers at hearings). Second, Congress does not mandate that the DEA use ALJs as presiding officers for administrative hearings.  5 U.S.C. § 556(b) (the presiding officer can be an ALJ, the agency, or a member of the agency).  Third, DEA ALJ decisions are reviewed de novo by the DEA Administrator.  *See* 5 U.S.C. § 557(b).  The ALJ provides only a recommended decision to the Administrator, who issues the final decision and final findings of fact and conclusions of law.  21 C.F.R. §§ 1316.65, 1316.67.  The President appoints the Administrator and presumably may remove her at will, as no statute limits her removal.  Reorganization Plan No. 2 of 1973, § 5, 28 U.S.C. § 509 note (stating the Administrator "shall be appointed by the President by and with the advice and consent of the Senate" but not specifying the Administrator's removability); *Collins v. Yellen*, 594 U.S. 220, 248 (2021) ("When a statute does not limit the President's power to remove an agency head, we generally presume that the officer serves at the President's pleasure.").

Accordingly, the President's control is even more direct here than in *Decker Coal*, where the Labor ALJ's factual findings could only be reviewed for substantial evidence.  8 F.4th at 1134.

As in *Decker Coal*, the DEA "ALJs are judges who make decisions that are subject to vacatur by people without tenure protection" and accordingly "the President continues to enjoy an 'ability to execute the laws—by holding his subordinates accountable for their conduct.'"  *Id.* at 1135 (quoting *Free Enter. Fund*, 561 U.S. at 496).  In short, there is no principled distinction to be drawn between the administrative structure at issue in *Decker Coal* and that at issue here.

Contrary to Rabadi's argument, the Fifth Circuit decision in *Jarkesy v. SEC*, 34 F.4th 446 (5th Cir. 2022), does not undermine this conclusion.  In *Jarkesy*, the Fifth Circuit held that removal restrictions on Securities and Exchange Commission ("SEC") ALJs were unconstitutional.  *Id.* at 465.  *Jarkesy* is distinguishable on two key grounds, and the Supreme Court did not adopt that aspect of the Fifth Circuit's holding when it affirmed the decision on other grounds.  *SEC v. Jarkesy*, 144 S. Ct. 2117, 2127–28 (2024).

First, the decisions of DEA ALJs are subject to mandatory review by the DEA Administrator, 21 C.F.R. §§ 1316.65, 1316.67, while the decisions of SEC ALJs can become final without agency review.  *Lucia v. SEC*, 585 U.S. 237, 249 (2018) (explaining "the SEC can decide against reviewing an ALJ decision at all," in which case "the ALJ's decision itself 'becomes final'" (quoting 17 C.F.R. § 201.360(d)(2))); *see also Jarkesy*, 34 F.4th at 464 (noting that SEC ALJ decisions "often . . . are final and binding").

Second, the President can control DEA ALJs through the DEA Administrator, who is removable at will, while SEC Commissioners have for-cause removal protections. *Jarkesy*, 34 F.4th at 465.  For these two reasons, DEA ALJs are less insulated from Presidential control than SEC ALJs.

In sum, we conclude that the removal protections under 5 U.S.C. § 7521 are constitutional as applied to DEA ALJs.

### III

Rabadi also claims the DEA Administrator's order was arbitrary and capricious because (1) the Administrator failed to consider Rabadi's defense that high dosages of prescribed drugs could still be safe and (2) the Administrator's analysis of Rabadi's lack of a conviction record[6] in assessing the public interest was contrary to the presumption of innocence. Neither claim has merit.

First, the Administrator justifiably ignored Rabadi's defense, which was an unsupported statement Rabadi made during his testimony.  Rabadi testified that his patients would not overdose if they took the dosages he prescribed because "all the study dosages . . . were five-six times more than the FDA-approved dose."  Rabadi did not cite or submit any studies supporting his claim.  In her final order, the Administrator chose not to consider Rabadi's statement because it had not been noticed prehearing.  DEA regulations require that a party submit evidence prior to offering it at the hearing to provide notice to the opposing party.  21 C.F.R.

---

[6] One of the factors for determining whether a registration to dispense controlled substances is inconsistent with the public interest is: "The applicant's conviction record under Federal or State laws relating to the manufacture, distribution, or dispensing of controlled substances."  21 U.S.C. § 823(g)(1)(C).

§ 1316.57.  The Administrator's decision to ignore Rabadi's statement was not arbitrary or capricious, as no study had been submitted and the testimony was not noticed in Rabadi's prehearing statement.

Second, in analyzing Rabadi's lack of a conviction record, the agency did not presume that Rabadi was guilty of any criminal misconduct or hold that against him.  Instead, the Administrator cited agency precedent for the proposition that the absence of a criminal record is "not dispositive" because "a person who has engaged in criminal misconduct" might not be prosecuted or convicted.  The Administrator concluded that Rabadi's lack of a criminal record had no effect on whether his registration to dispense controlled substances was consistent with the public interest.    In determining the public interest, the Administrator "may give each factor the weight [she] deems appropriate."  *Morall v. DEA*, 412 F.3d 165, 174 (D.C. Cir. 2005) (quoting *Henry J. Schwarz, Jr., M.D.*, 54 Fed. Reg. 16,422, 16,424 (Apr. 24, 1989)).  Accordingly, the Administrator's decision to find Rabadi's lack of a conviction record not dispositive was not arbitrary or capricious.

IV

For the foregoing reasons, we deny Rabadi's petition for review of the DEA Administrator's order revoking his registration to dispense controlled substances.  The removal protections for DEA ALJs are constitutional and do not undermine the validity of the proceedings against Rabadi. The Administrator's order properly ignored a defense that was neither noticed nor supported, and appropriately analyzed the public interest factors.  The decision was not arbitrary or capricious.

**PETITION DENIED.**