**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10221 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-08162-DGC-1 |
| v. | |
| KYLE MATTHEW THOMPSON, AKA Kyle Jason, AKA Katie Moretz, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted December 6, 2024
San Francisco, California

Before: TASHIMA, RAWLINSON, and M. SMITH, Circuit Judges.

Kyle Matthew Thompson (Thompson) appeals his conviction for Travel

with Intent to Engage in Illicit Sexual Conduct and Commission of a Qualifying

Sex Offense by a Registered Sex Offender in violation of 18 U.S.C. §§ 2423(b),

(f), and 2260A. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**1.** The denial of a motion to dismiss a criminal indictment is reviewed de novo. *See United States v. Cortes*, 757 F.3d 850, 858 (9th Cir. 2014), *as amended*. The district court committed no error when it denied Thompson's motion to dismiss the indictment based on multiple attacks on venue in Arizona. Thompson's presence in Arizona from December 20-26, 2016, is corroborated by his messages, IP address information, and cell phone data. These messages originating in Arizona were sent to the 15-year old girls by Thompson to facilitate the illicit sexual conduct. *See United States v. Lukashov*, 694 F.3d 1107, 1120-21 (9th Cir. 2012) (determining that "venue for a continuing offense is proper if an essential conduct element of the offense begins in, continues into, or is completed in the charging district") (citations and internal quotation marks omitted).

**2.** "A motion for judgment of acquittal based on insufficient evidence is [] reviewed de novo." *United States v. Howald*, 104 F.4th 732, 736 (9th Cir. 2024) (citation omitted). The district court did not err in denying the Rule 29 motion for acquittal because there was sufficient evidence for "*any* rational trier of fact" to find beyond a reasonable doubt that "engaging in illicit sexual conduct was a dominant or significant purpose of Defendant's travel in interstate commerce." *United States v. Pepe*, 81 F.4th 961, 968 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 2565 (2024) (citation omitted) (emphasis in the original). Thompson exchanged

text messages with the victims about sexual intercourse and oral sex, including expressing his desire to have a threesome with the victims and sending nude pictures. These messages were evidence of Thompson's intent to travel to Alabama to engage in sexual acts with two girls, knowing that they were 15 years old. *See id.*

3. Because Thompson failed to object to the jury instructions, we review the district court's failure to instruct the jury on venue for plain error. *See United States v. Fuchs*, 218 F.3d 957, 961-62 (9th Cir. 2000). A district court commits plain error when there is an error that is clear, plain, or obvious and the error affects substantial rights. *See United States v. Lussier*, 128 F.3d 1312, 1317 (9th Cir. 1997). Failure to instruct the jury on venue did not affect Thompson's substantial rights because the government established venue during its proof of the elements of the charges. *See Lukashov*, 694 F.3d at 1122 (reasoning that "once the jury found beyond a reasonable doubt that [the defendant sexually abused the victim in interstate commerce], the government had 'necessarily' proved venue by a preponderance of the evidence because the offense continued into and was completed in [the originating state] as a matter of law").

4. We review rulings on a motion in limine for abuse of discretion. *See United States v. Alvirez*, 831 F.3d 1115, 1120 (9th Cir. 2016). The district court

did not abuse its discretion by granting the government's motion in limine to preclude reference to the fact that no charges were brought in Alabama, and upholding this ruling over objections made during trial. The district court found that the risk of confusion and undue delay substantially outweighed the limited probative value of the evidence regarding the charging decisions in Alabama. *See* Fed. R. Evid. 403.

**5.** "The district court's denial of a motion to sever is reviewed for an abuse of discretion. . . ." *United States v. Barragan*, 871 F.3d 689, 701 (9th Cir. 2017) (citation omitted). The district court did not abuse its discretion by denying Thompson's motion to sever the counts involving Jane Doe 1 from the counts involving Jane Doe 2. Thompson failed to establish that any prejudice he suffered from the joint trial was so "clear, manifest or undue" that his conviction should be reversed. *United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir. 1996) (citation omitted). Thompson also failed to identify any prejudicial evidence that would be admissible at one trial, but not the other. *See United States v. Ponce*, 51 F.3d 820, 831 (9th Cir. 1995). In any event, the district court mitigated any potential prejudice when it instructed the jury that it must decide each count separately. *See United States v. Johnson*, 820 F.2d 1065, 1071 (9th Cir. 1987).

**6.** We review constitutional claims de novo. *See Rabadi v. U.S. DEA*, 122 F.4th 371, 373 (9th Cir. 2024). Thompson posits, without explication, that his Sixth Amendment right to effective assistance of counsel was impaired by the order limiting his access to court documents as required by 18 U.S.C. § 3509(d).[1] This argument lacks merit, as Thompson does not explain how possessing the protected materials or reviewing those materials in the presence of his attorney, would substantially impair his ability to participate in his defense. *See United States v. Broussard*, 767 F. Supp. 1536, 1542-43 (D. Or. 1991).

**AFFIRMED.**

---

[1] 18 U.S.C. § 3509(d)(1) requires the defendant to "keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access."