**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2704
_____

STEPHEN MCCARTHY, P.A.,
                                        Petitioner

v.

UNITED STATES DRUG ENFORCEMENT ADMINISTRATION
_____

On Petition for Review of an
Order of the Drug Enforcement Administration
(Agency No. 23-40)
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 20, 2025
_____

Before:  PHIPPS, CHUNG, and ROTH, Circuit Judges

(Filed: July 21, 2025)
_____

OPINION[*]
_____

CHUNG, Circuit Judge.

      Stephen McCarthy, P.A., petitions for review of the order issued by the

---

[*]     This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Administrator of the Drug Enforcement Administration (DEA) revoking his Certificate of Registration (COR) and denying any pending applications to modify or renew that COR. He argues that the Administrative Law Judge (ALJ) who recommended revocation was unconstitutionally protected from removal and that the ALJ's decision adopted by the Administrator was arbitrary and capricious and an abuse of discretion. Because McCarthy has failed to show the requisite link between any allegedly unconstitutional removal protections and his injury and because the revocation decision was neither arbitrary and capricious nor an abuse of discretion, we will deny the petition.

I.      BACKGROUND[1]

McCarthy is a physician assistant who held a DEA COR allowing him to prescribe Schedule II through V controlled substances. McCarthy prescribed controlled substances despite the fact that he was not being supervised by a physician with whom he had a written agreement as required by Pennsylvania law. See 63 Pa. Stat. § 422.13(a), (e); 49 Pa. Code § 18.152(a). In response to his conduct, on April 21, 2023, the DEA issued McCarthy an Order to Show Cause why his continued registration was not inconsistent with the public interest. See 21 U.S.C. § 824. Due to his apparent misconduct, the order proposed revoking McCarthy's COR and denying any pending applications for modification or renewal of his registration.

On August 31, 2023, a hearing was held before ALJ Paul E. Soeffing. The DEA presented evidence that between August 24, 2022, and September 20, 2022, and again

---

[1]     Because we write for the parties, we recite only the facts pertinent to our decision.

between October 6, 2022, and November 8, 2022, McCarthy issued approximately seventeen prescriptions for controlled substances while not covered by a written agreement. McCarthy did not dispute this. Instead, he argued that, during the time, he believed he was covered by a previous agreement with "Dr. F." Although that agreement was inactivated in October of 2019, McCarthy claimed that he believed this agreement was still in place because he never received notice of its termination, because his lack of communication with Dr. F was not unusual so there was no reason to believe otherwise, and because the Pennsylvania Licensing System (PALS) did not show that the agreement was inactive. The ALJ rejected these arguments because McCarthy acknowledged that PALS was not always reliable and because the evidence indicated that the termination letter ending McCarthy's written agreement with Dr. F was provided to McCarthy, that McCarthy and Dr. F were no longer employed by the same employer, that Dr. F and McCarthy spoke on only one occasion in 2019, and that McCarthy did not list Dr. F as the supervising physician on the prescriptions he issued during the relevant time period.

The ALJ concluded that the DEA had therefore proven its prima facie case that McCarthy's continued registration was inconsistent with the public interest. Accordingly, the burden shifted to McCarthy to show that he could be entrusted with a COR. After considering McCarthy's failure to unequivocally admit fault, his limited remedial action, the egregiousness of his conduct, and the need for deterrence, the ALJ determined that McCarthy had not met his burden and recommended that his COR be revoked and any pending applications for renewal or modification of his COR be denied. The Administrator of the DEA adopted the ALJ's recommendation in its entirety and

3

ordered that McCarthy's COR be revoked and any pending applications for renewal or modification of his COR be denied.

McCarthy timely petitioned for review.

II.    DISCUSSION[2]

McCarthy asks us to vacate the Administrator's order asserting that the ALJ was unconstitutionally protected from removal and that the ALJ's decision adopted by the Administrator was arbitrary and capricious and an abuse of discretion. We reject both arguments and will affirm.[3]

---

[2]    The DEA had jurisdiction pursuant to 21 U.S.C. §§ 823(g)(1) and 824(a) and 28 C.F.R. § 0.100(b). We have jurisdiction pursuant to 21 U.S.C. § 877. We review questions of constitutional law de novo. Dinnall v. Gonzales, 421 F.3d 247, 251 (3d Cir. 2005). "Agency decisions, such as the … Administrator's Order, may be set aside only if arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law." Humphreys v. Drug Enf't Admin., 96 F.3d 658, 660 (3d Cir. 1996) (citing 5 U.S.C. § 706(2)(A)). Such agency decisions are entitled to "substantial deference" and "we must not simply substitute our judgment for that of the agency." Id. at 664. Additionally, the agency's findings of fact are "conclusive" "if supported by substantial evidence." 21 U.S.C. § 877.

[3]    McCarthy also raises an Appointments Clause challenge, asserting that the ALJ was not appointed by the Attorney General as he argues is required. He did not raise this challenge before the agency, and the parties dispute whether he can properly raise it now. See generally Carr v. Saul, 593 U.S. 83 (2021) (discussing issue exhaustion in administrative adjudications and concluding that issue exhaustion did not apply to Appointments Clause challenges to the appointment of Social Security Administration ALJs). We assume without deciding that he can raise his Appointments Clause challenge now and reject it as factually incorrect. Because this challenge was not raised before the agency, the initial record contained no information regarding who appointed the ALJ. On appeal, the Government moved to supplement the record and provided a document showing that the ALJ had been appointed by the Attorney General on December 1, 2020. We now grant that motion, see Acumed LLC v. Advanced Surgical Servs., Inc., 561 F.3d 199, 226 (3d Cir. 2009), and reject McCarthy's Appointments Clause challenge, see U.S. Const. art. II, § 2, cl. 2.

4

A.      Removal Protections Challenge

DEA ALJs are removable by the Attorney General "only for good cause established and determined by the Merit Systems Protection Board." 5 U.S.C. § 7521(a).[4] Members of the Merit Systems Protection Board, in turn, are removable by the President, but "only for inefficiency, neglect of duty, or malfeasance in office." 5 U.S.C. § 1202(d). McCarthy argues, and the Government now concedes, that this structure amounts to unconstitutional "multilevel protection from removal" under Free Enter. Fund v. Pub. Co. Acct. Oversight Bd., 561 U.S. 477, 484 (2010). Of course, the Government's concession does not govern our analysis. Cf. Marbury v. Madison, 5 U.S. (1 Cranch) 137, 177 (1803). Nonetheless, we need not resolve this thorny issue here because McCarthy cannot bring his removal-protection challenge.

In order to bring a removal-protection challenge, a litigant "must show that the constitutional infirmity actually caused harm." NLRB v. Starbucks Corp., 125 F.4th 78, 88 (3d Cir. 2024) (petitioner failed to link removal-protection infirmity to an actual harm and therefore could not bring challenge); see also CFPB v. Nat'l Collegiate Master Student Loan Tr., 96 F.4th 599, 607 (3d Cir. 2024) ("[A]ctions taken by an improperly insulated director are not 'void' and do not need to be 'ratified' unless a plaintiff can show that the removal provision harmed him." (quoting Collins v. Yellen, 594 U.S. 220, 259 (2021))). Stated differently, a litigant must show a causal "link" between the

---

[4]      "Section 7521 applies to any ALJs appointed under 5 U.S.C. § 3105. DEA ALJs are appointed under 5 U.S.C. § 3105 pursuant to 5 U.S.C. § 556(b)(3) and 21 C.F.R. § 1316.42(f)." Rabadi v. Drug Enf't Admin, 122 F.4th 371, 375 n.5 (9th Cir. 2024).

asserted removal-protection-infirmity and an actual harm.  Nat'l Collegiate, 96 F.4th at 615; see Starbucks Corp., 125 F.4th at 88–89.  McCarthy argues that the revocation of his COR is a greater injury than the injury at issue in Starbucks, but he fails to address the requisite causal link.  McCarthy does not show, or even argue, that his injury would have been lessened or eliminated if the ALJ did not have unconstitutional removal protections.  Accordingly, his removal-protection challenge fails.  See Starbucks, 125 F.4th at 88; Nat'l Collegiate, 96 F.4th at 615.

B.      Arbitrary and Capricious Challenge

McCarthy next argues that the Administrator's decision to revoke his COR was arbitrary and capricious or an abuse of discretion.  See 5 U.S.C. § 706(2)(A).  He concedes that the "Administrator's choice of sanction 'is entitled to substantial deference'" and that "[o]rdinarily, the mere unevenness in the application of a sanction will not render its application in a particular case 'unwarranted in law.'"  Opening Br. 25 (quoting Chein v. Drug Enf't Admin., 533 F.3d 828, 835 (D.C. Cir. 2008)); see also Butz v. Glover Livestock Comm'n Co., 411 U.S. 182, 187 (1973).  Nonetheless, relying on D.C. Circuit case law, he contends that an agency abuses its discretion if the penalty it imposes is an unrecognized or unexplained "flagrant departure" from past practice and that the DEA's actions here were such a departure.  Chein, 533 F.3d at 835 (quoting Morall v. Drug Enf't Admin., 412 F.3d 165, 183 (D.C. Cir. 2005)).  This standard seems to just be an application of the principle that agencies must "generally 'display awareness' of a change in [agency] position."  N.J. Bd. of Pub. Utils. v. FERC, 744 F.3d

6

74, 104 (3d Cir. 2014) (quoting FCC v. Fox Television Stations, Inc., 556 U.S. 502, 515 (2009)).

To make this point, McCarthy primarily relies on "summaries" of eight DEA adjudications.  McCarthy's counsel now acknowledges that seven of these summaries were inaccurate, that the eighth decision does not exist, and that the summaries and non-existent decision were all generated by Artificial Intelligence (AI).  McCarthy's counsel further acknowledges that he never took care to confirm the accuracy of the summaries or even that the decisions existed.[5]  Accordingly, we will not consider this portion of his brief.[6]  Cf. Grant v. City of Long Beach, 96 F.4th 1255 (9th Cir. 2024) (striking brief and dismissing appeal for a similar issue).

McCarthy cites two additional cases but neither supports his position.  In one case, the DEA imposed a sanction short of revocation because the respondent accepted responsibility for her actions.  See Jayam Krishna-Iyer, M.D., 74 Fed. Reg. 459, 463 (DEA Jan. 6, 2009).  Krishna-Iyer thus sits neatly in DEA's framework where a sanction

---

[5]    We ordered McCarthy's counsel to provide the cases to the Court and explain if and how he verified the accuracy of his summaries.  In his response, McCarthy's counsel acknowledged that he knew that he had submitted erroneous summaries and a non-existent case to this Court long before the filing of his response.  We are separately ordering McCarthy's counsel to show cause why he should not be sanctioned for his conduct, particularly for his lack of candor to the Court.

[6]    McCarthy's counsel also concedes that the Government has successfully rebutted the eight summaries.  This provides us with another reason not to consider this portion of the brief.  See United States v. Batista, 483 F.3d 193, 199 n.4 (3d Cir. 2007) (noting that an argument was waived because it was conceded).

7

short of revocation can be imposed if a respondent accepts responsibility.[7] But here the Administrator found that McCarthy only partially accepted responsibility and that finding was supported by substantial evidence due to, among other things, his attempts to justify his conduct and shift the blame to other parties. Therefore, Krishna-Iyer does not reflect that revocation of McCarthy's COR was a flagrant departure from DEA practice.

In the other case, the DEA revoked the registrant's COR, in part because she failed to fully take responsibility for her actions, and the D.C. Circuit denied the petition for review. See St. Croix v. Drug Enf't Admin., No. 21-1116, 2022 WL 2092177, at **1–2 (D.C. Cir. June 10, 2022) (per curiam). This is consistent with the DEA's treatment of McCarthy's case, wherein he was found to only partially accept responsibility for his conduct. McCarthy argues nonetheless that his behavior was less egregious than the conduct in St. Croix. Assuming that is true, it only shows the range of conduct that DEA determines to be inconsistent with the public interest and justifying a revocation, not that revocation here is a flagrant departure from DEA practice.

McCarthy briefly makes a few additional arguments that all lack merit. McCarthy argues that the Administrator failed to acknowledge the ways in which McCarthy did take responsibility. The Administrator did consider McCarthy's limited acceptance of responsibility, she just found it lacking.

---

[7] McCarthy concedes that the DEA may look to the registrant's acceptance of responsibility in determining if continued registration is consistent with the public interest. Some DEA cases regarding the acceptance of responsibility focus on the fact that the violation was intentional or knowing.

McCarthy also argues that his punishment should not have been as severe because the violations were "based on [his] misunderstanding" that he was still being supervised by Dr. F. Opening Br. 29. The Administrator considered this argument and determined that McCarthy's asserted belief was not "reasonable," App. 168. This conclusion was supported by substantial evidence as the Administrator explained that any misunderstanding could have been avoided with "basic due diligence" and "proper and ongoing communication" between McCarthy and his former supervising physician, App. 173. In any case, under DEA precedent, unintentional misconduct can justify revoking a COR. See Fares Jeries Rabadi, M.D., 87 Fed. Reg. 30,564, 30,603 n.35 (DEA May 19, 2022), petition for rev. denied, 122 F.4th 371 (9th Cir. 2024).

McCarthy next argues that his COR should not have been revoked because the DEA failed to show that his misconduct resulted in the diversion of any prescribed drugs or in harm to any patients. The Administrator considered this argument, and its rejection of this argument was not an abuse of discretion. Agency precedent is clear that the DEA can find that continued registration is inconsistent with the public interest, even when a harm has not yet been realized. See Melanie Baker N.P., 86 Fed. Reg. 23,998, 24,009 (DEA May 5, 2021).

McCarthy next claims that revoking his "COR is not in the public interest insofar as he provides critical, specialized psychiatric care which is not easily replaceable." Opening Br. 31. Again, the Administrator considered and rejected this argument consistent with DEA policy and practice. See Brenton D. Wynn, M.D., 87 Fed. Reg. 24,228, 24,258 n.KK (DEA Apr. 22, 2022). In short, the Administrator considered and

9

rejected all of McCarthy's mitigation arguments, and McCarthy fails to show how rejecting these arguments was arbitrary and capricious. See Humphreys, 96 F.3d at 662–64 (holding Deputy Administrator's decision arbitrary and capricious where he "fail[ed] to discuss the one and only defense raised by Humphreys" and explaining that "this is not simply a case where we disagree with the Deputy Administrator's application of relevant mitigating aspects of the statutory factors to settled facts").

Finally, McCarthy argues that the Administrator failed to consider sanctions less drastic than revocation, such as a suspension of his COR or reprimand. That is simply not true. The Administrator considered lesser punishments but ultimately concluded that revocation was appropriate because McCarthy failed to show he could be trusted with a COR.[8]

III.    CONCLUSION

For the forgoing reasons, we will deny the petition for review.

---

[8]    McCarthy raises three additional arguments that are all forfeited. One is forfeited because it was raised in a footnote. John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp., 119 F.3d 1070, 1076 (3d Cir. 1997). The others are forfeited because they were raised for the first time in a reply brief. Hoxworth v. Blinder, Robinson & Co., 903 F.2d 186, 204 n.29 (3d Cir. 1990).