**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 3, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

RASHONNA MOORE,

    Plaintiff - Appellant,

v.

CITY OF DEL CITY, an Oklahoma
municipal corporation,

    Defendant - Appellee.

No. 25-6002
(D.C. No. 5:24-CV-01214-HE)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **BALDOCK**, and **PHILLIPS**, Circuit Judges.
_____

Rashonna Moore, appearing pro se, appeals the district court's dismissal of her

employment discrimination claims for failure to timely file an administrative charge

of discrimination.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.  In the

alternative, we dismiss this appeal as a sanction for Moore's misuse of generative

artificial intelligence ("GenAI") in filings with this court and order that in any future

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

filings with this court, Moore must, under penalty of perjury, state whether she used a GenAI tool and verify that all case citations accurately refer to actual, existing cases.

## I. Background

Moore filed an action in Oklahoma state court against her employer, the City of Del City. She asserted federal claims of racial and age discrimination under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967 ("ADEA"), and various claims under Oklahoma state law. Del City removed the action to the United States District Court for the Western District of Oklahoma and filed a motion to dismiss. It asked the district court to dismiss (1) the entire complaint due to improper service, (2) the Title VII and ADEA claims because Moore failed to file a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and (3) the state-law claims for a variety of reasons.

The district court determined that even if service was proper, the Title VII and ADEA claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Moore's EEOC charge was not filed within 300 days of the date of the alleged discrimination, as required in this case under Title VII, *see* 42 U.S.C. § 2000e-5(e)(1), and the ADEA, *see* 29 U.S.C. § 626(d)(1)(B). *See Daniels v. United Parcel Serv., Inc.*, 701 F.3d 620, 628 (10th Cir. 2012) (explaining that a Title VII or ADEA charge "not filed [with the EEOC] within these statutory limits is time barred"), *abrogated in part on other grounds by Muldrow v. City of St. Louis*, 601 U.S. 346, 354–56 (2024). Consequently, the district court dismissed the federal

2

claims, declined to exercise supplemental jurisdiction over the state-law claims, and remanded the state-law claims.  Moore appeals.

## II.  Discussion

We review de novo a district court's dismissal pursuant to Rule 12(b)(6). *Albers v. Bd. of Cnty. Comm'rs*, 771 F.3d 697, 700 (10th Cir. 2014).  We construe Moore's pro se pleadings liberally, but we cannot act as her advocate.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

In her opening brief, Moore fails to address the district court's determination that she did not timely file her EEOC charge.  She instead argues that dismissal was improper because her civil action was timely filed, and that if her action was not timely filed, equitable tolling might apply.  But whether Moore timely filed her civil action (she did) is irrelevant to whether she timely filed her EEOC charge, which is the ground on which the district court dismissed her federal claims.  By not addressing the district court's rationale, Moore has waived appellate review of the dismissal of her Title VII and ADEA claims.  *See Sawyers v. Norton*, 962 F.3d 1270, 1286 (10th Cir. 2020) ("Issues not raised in the opening brief are deemed abandoned or waived." (internal quotation marks omitted)).  Consequently, we affirm the district court's judgment for substantially the same reasons stated in the district court's order dated January 8, 2025.

## III.  Misuse of GenAI

In her appellate brief, Moore cited eleven cases we could not locate on Westlaw and two others that did not reasonably stand for the propositions for which

3

she cited them. We suspected that the eleven case citations were entirely created by a GenAI tool. *See Wadsworth v. Walmart Inc.*, 348 F.R.D. 489, 497 (D. Wyo. 2025) ("It is . . . well-known in the legal community that AI resources generate fake cases."). We also suspected that the two misattributions were also produced by the use of a GenAI tool. Such fabricated cases and misattributions are often referred to as "AI hallucinations." *See id.* at 493 ("A hallucination occurs when an AI database generates fake sources of information." (citing *What are AI Hallucinations?*, Google Cloud, https://cloud.google.com/discover/what-are-ai-hallucinations [https://perma.cc/EJS8-CFMX])). We therefore ordered Moore to either provide the court with accurate copies of the eleven cases or, if she was unable to do so, explain how the nonexistent cases found their way into her brief and her misattribution of propositions to the other two cases. We also ordered her to identify any artificial intelligence tools, prompts, and outputs she used in preparing her brief. Finally, we ordered Moore to show cause why she should not be sanctioned pursuant to the court's inherent power or Fed. R. App. P. 38.

Although we set a deadline of October 31 for Moore's response, she did not file one until November 17. Moore does not explain why the response was late, let alone acknowledge its untimeliness. We also ordered Moore to submit her response in the form of a sworn affidavit or declaration, but her response, although notarized, is not sworn under penalty of perjury.

Despite Moore's noncompliance with our orders regarding the deadline to file her response and the form it was to take, we have considered the response. Nothing

4

in it calls into doubt our suspicion that the eleven case citations were hallucinations generated by GenAI or that the misattributed propositions also were due to GenAI. While not admitting or denying she used GenAI as an aid in drafting her brief, Moore attempts to explain how those citations arrived in her brief by pointing to "inconsistencies" in citation formats:

> Citation inconsistences frequently arise from variations in regional reporters, parallel citations, archival pagination, and electronic indexing errors—none of which constitute misconduct or deceit. The misalignment between reported citations and electronic databases does not equate to falsity. Federal courts routinely encounter similar variances without imputing bad faith. *See Cohen v. United States*, 201 F.3d 109 (2d Cir. 2000).

Resp. at 1 (italics added). However, Moore did not provide copies of any of the eleven cases or any alternative citations for them. Moreover, the case cited in the above quote, *Cohen v. United States*, is yet another hallucination. The Federal Reporter citation Moore supplies for *Cohen*, 201 F.3d 109, leads to a page in the middle of *Kalwasinski v. Morse*, 201 F.3d 103 (2d Cir. 1999), which is a civil rights case that says nothing relevant to whether federal courts impute bad faith to citation variations.

The presence of the fabricated *Cohen* case citation indicates that Moore turned to a GenAI tool for assistance in drafting her response to our show cause order. Although there is nothing inherently problematic with the use of GenAI in the practice of law, its careless use can waste both judicial resources and the opposing party's time and money, and it can damage the credibility of the legal system. *See Mata v. Avianca*, 678 F. Supp. 3d 443, 448–49 (S.D.N.Y. 2023). The principal

misuse here is Moore's failure to verify that the eleven case citations in her appellate

brief and the *Cohen* citation in her response to our show-cause order refer to cases

that actually exist. The lesser misuse is her failure to confirm that two actual cases

cited in her filings reasonably support the propositions for which she cited them.[1]

Moore's misuse of GenAI is sanctionable.[2] *See Park v. Kim*, 91 F.4th 610,

615 (2d Cir. 2024) ("An attempt to persuade a court or oppose an adversary by

relying on fake opinions is an abuse of the adversary system."). "This court has the

---

[1] Moore defends her citation to only one of those two cases, *Gilday v. Mecosta County*, 124 F.3d 760 (6th Cir. 1997), which she cited as an example of a case "signaling a judicial willingness to preserve access to justice," Aplt. Opening Br. at 7. In her response, Moore contends that "*Gilday* acknowledg[ed] . . . equitable access principles underlying ADA litigation" and "explicitly recognized the standard of evidence necessary to overcome procedural barriers to a disability claim, reflecting judicial concern for accessibility and fairness—precisely the principle cited in [her] brief." Resp. at 3 (italics added).

We question Moore's explanation. *Gilday* does not mention "equitable access principles"; indeed, none of those three words appears in the opinion. Nor do we see any equitable principles at work in *Gilday*, which involved an issue of statutory interpretation—the meaning of "disabled" under the ADA—and whether the plaintiff provided sufficient evidence that he qualified as disabled under *Gilday*'s interpretation of that term. *See* 124 F.3d at 762–65.

Ultimately, we need not resolve the matter because of Moore's failure to explain the eleven nonexistent citations or her clear misrepresentation that in *Hudson v. Michigan*, 547 U.S. 586 (2006), the Supreme Court "stated that the integrity of rights protected under federal law must take precedence over mere technical compliance," Aplt. Br. at 13. We do not intend to chill litigants from advancing objectively reasonable arguments seeking to extend the law. But when that argument is the result of the unconsidered use of a GenAI tool as a drafting aid, the litigant's conduct may no longer be an objectively reasonable effort to extend the law but instead may become a misuse of GenAI that wastes judicial resources, wastes an opposing party's time and money, and possibly damages the justice system's credibility.

[2] If Moore did not use a GenAI tool as a drafting aid, her fabrication of case citations would be even worse, and our sanctions would remain the same.

6

inherent power to impose sanctions that are necessary to regulate its docket, promote judicial efficiency, and deter frivolous filings." *Mann v. Boatright*, 477 F.3d 1140, 1150 (10th Cir. 2007). And "[i]t is indisputably within our power as a court to dismiss an appeal when the appellant has failed to abide by the rules of appellate procedure." *MacArthur v. San Juan Cnty.*, 495 F.3d 1157, 1161 (10th Cir. 2007). Here, Moore's citation of nonexistent cases and her misrepresentation of at least one other case has impaired judicial efficiency and amounts to a failure to comply with Fed. R. App. P. 28(a)(8)(A)'s requirement that an appellant's brief cite supporting authority. *See Grant v. City of Long Beach*, 96 F.4th 1255, 1257 (9th Cir. 2024) (striking brief and dismissing appeal because of similar failures to comply with Rule 28(a)(8)(A)). Fabricating case citations and clearly misrepresenting what a case stands for are the antithesis of citing to supporting authority.

Accordingly, as a sanction, we dismiss this appeal in the alternative to our affirmance on the merits. We also order that in any future filings with this court, Moore must, under penalty of perjury, state whether she used a GenAI tool and verify that all case citations accurately refer to actual, existing cases. Filings that fail to comply with these requirements will be stricken. Finally, we warn future litigants, pro se and those represented by counsel alike, that outright dismissal—without a merits ruling—may be an appropriate sanction in a given case, as may monetary or other sanctions, such as an award of the opposing party's attorney fees incurred in responding to fabricated case citations or clear misrepresentations of law spawned by the unscrutinized use of GenAI.

7

## IV.  Conclusion

We affirm the district court's judgment.  In the alternative, we dismiss this appeal as a sanction for Moore's misuse of GenAI and order that in any future filings with this court, Moore must, under penalty of perjury, state whether she used a GenAI tool and verify that all case citations accurately refer to actual, existing cases. We grant Moore's motion for leave to proceed on appeal without prepayment of costs or fees.  Because the relevant statute, 28 U.S.C. § 1915(a)(1), excuses only "prepayment of fees," Moore is obligated to pay the full amount of the appellate filing and docketing fees immediately to the United States District Court for the Western District of Oklahoma.

Entered for the Court

Per Curiam