**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 26 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA ELVIRA RODRIGUEZ ROMERO; J.A.N.R.; MIRIAM MARISOL NIZ RODRIGUEZ; D.L.N.R.; E.I.N.R., <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 23-116 <br><br> Agency Nos. <br> A209-134-560 <br> A209-134-564 <br> A209-134-561 <br> A209-134-563 <br> A209-134-562 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 24, 2026[**]
San Francisco, California

Before: S.R. THOMAS, KOH, and H.A. THOMAS, Circuit Judges.

Maria Elvira Rodriguez Romero ("Rodriguez") and her four children

(collectively, "Petitioners") are natives and citizens of Guatemala. They petition

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel previously granted Respondent's unopposed motion to submit this case on the briefs and record (Dkt. 40).

for review of the Board of Immigration Appeals' ("BIA") decision affirming an order of an Immigration Judge ("IJ") (collectively, "the Agency") denying their applications for asylum and withholding of removal.[1] We have jurisdiction under 8 U.S.C. § 1252. We deny the petitions.

We "review purely legal questions de novo, and the agency's factual findings for substantial evidence." *Perez-Portillo v. Garland*, 56 F.4th 788, 792 (9th Cir. 2022). Under the "highly deferential" substantial evidence standard, the Agency's factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Salguero Sosa v. Garland*, 55 F.4th 1213, 1217–18 (9th Cir. 2022) (quoting *Nasrallah v. Barr*, 590 U.S. 573, 583–84 (2020)); *see also Urias-Orellana v. Bondi*, 146 S. Ct. 845, 850–51 (2026). We also "review for substantial evidence the BIA's determination that a petitioner has failed to establish eligibility for asylum or withholding of removal." *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021).[2]

---

[1] Each of Rodriguez's children were listed as derivative beneficiaries of her application and also filed applications for asylum and withholding of removal.

[2] Respondent argues that we should summarily deny the petitions for review because Petitioners' opening brief failed to comply with Federal Rule of Appellate Procedure 28(a)(8)(A), which requires citation to the administrative record. We decline to reach this argument because dismissal for deficiencies in the briefs is discretionary. *Grant v. City of Long Beach*, 96 F.4th 1255, 1256 (9th Cir. 2024) ("We have discretion to dismiss appeals because of deficiencies in the briefs.").

Substantial evidence supports the Agency's finding that the Guatemalan government is not unable or unwilling to protect Rodriguez from the narcotics trafficker responsible for her father's murder and the narcotics trafficker's family and associates. *See Guo v. Sessions*, 897 F.3d 1208, 1213 (9th Cir. 2018) ("An applicant alleging past persecution has the burden of establishing that . . . the persecution was committed by the government, or by forces that the government was unable or unwilling to control." (quoting *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010))). Although Rodriguez testified that the police told her mother that they "had to wait for a more serious crime" before arresting the trafficker, the police later both captured and recaptured him after he escaped custody. The record therefore does not compel a result contrary to that which the Agency reached. And given the lack of other evidence in the record and the efforts of the government to capture and try the trafficker, substantial evidence likewise supports the Agency's finding that the government of Guatemala was not unable or unwilling to protect Rodriguez from the trafficker's family and associates.

Rodriguez has also failed to demonstrate a well-founded fear of future persecution, because, as explained above, substantial evidence supports the Agency's determination that the Guatemalan government is not unable or

unwilling to protect her.[3] *See Udo v. Garland*, 32 F.4th 1198, 1206 (9th Cir. 2022) ("Because [the petitioner] predicates [her] fear of future persecution on allegations of past persecution, [she] 'has the burden of establishing that . . . the persecution was committed by the government, or by forces that the government was unable or unwilling to control.'" (quoting *Guo*, 897 F.3d at 1213)). The BIA did not abuse its discretion in not remanding the case to the IJ to reconsider its reliance on *Matter of A-B-*, 27 I. & N. Dec. 316 (A.G. 2018), because the BIA conducted its own assessment of the relevant law. *See Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020) ("Where the BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, [this court's] review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." (quoting *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012))). Finally, the BIA did not err in its conclusion that the IJ's comments did not demonstrate bias or prejudgment.

**PETITONS DENIED.**[4]

---

[3] Rodriguez argues that her fear is based both on the incidents surrounding her father's murder as well as the fact that she "is similarly situated to other indigenous Guatemalan women who stand to be persecuted in Guatemala." But Rodriguez's conclusory statements about the treatment of indigenous women do not demonstrate that the government of Guatemala is unable or unwilling to protect her from persecution.

[4] The temporary stay of removal remains in place until the mandate issues.